Filed Dec. 16, 1891.

---

No. 15,986.

## TAYLOR v. THE STATE.

CRIMINAL LAW.—*Failure of Proof.*— *Unnecessary Averment.*—A mere failure to prove, with technical exactness, an averment which was not necessary, nor of the essence of the offence charged, will not be sufficient to authorize a reversal of the case on appeal.

PRACTICE.— *Variance.*— *When Objection Must be Raised.*—A party desiring to take advantage of a variance between the pleadings and proof must make his objection at the proper time during the trial, and, if he does not do so, he can not afterwards avail himself of such variance.

WITNESSES.—*Separation.*— *Witness Disobeying Order.*—*Party not at Fault.*— Where a party is without fault, and a witness disobeys an order directing a separation of the witnesses, such party can not be denied the right of having the witness testify, but the conduct of the witness may be shown to the jury upon the question of his credibility.

From the Spencer Circuit Court.

*H. M. Logsdon, W. C. Mason, A. J. Payton, L. B. Osborne,* for appellant.

*A. G. Smith,* Attorney General, and *R. M. Johnson,* Prosecuting Attorney, for the State.

COFFEY, J.—The appellant was indicted, tried, and convicted, in the Spencer Circuit Court, upon a charge of robbery. He appeals to this court, and assigns as error the overruling of his motion for a new trial.

It is insisted that the evidence does not support the verdict of the jury finding the appellant guilty of the charge against him.

On the evening of the 9th of April, 1890, soon after dark, a short distance from the town of Rockport, David Axton, while returning home from the town in his wagon, was attacked and robbed, the person attacking him taking from his person the sum of eighty dollars. The evidence connecting the appellant with the robbery is circumstantial, and somewhat conflicting, but it can not be said there is no evidence connecting him with the crime. We can not disturb the verdict on the evidence.

The indictment charges that the money taken at the time of the robbery was " lawful money of the United States." It is contended by counsel for the appellant that, for anything appearing from the evidence in the cause, the money taken may have been National Bank notes, and that such proof does not sustain the charge that it was " lawful money of the United States."

Section 1750, R. S. 1881, provides that " In every indictment or information * * * in which it is necessary to make an averment as to any money, or bank bills, or notes, United States treasury notes, postal and fractional currency or other bills, or notes issued by any lawful authority and intended to pass and circulate as money, it shall be sufficient to describe such money, bills, notes, or currency simply as money, without specifying any particular coin, note,

bill, or currency; and such allegations shall be sustained by proof of any amount of coin or of any such note, bill, or currency, although the particular species of coin of which such amount was composed, or the particular nature of such note, bill, or currency be not proved."

It is conceded that if the money taken had been described simply as " money," the proof in the case would support the indictment in this respect; but it is claimed that, inasmuch as it is described as " lawful money of the United States," it was necessary to prove that the money was either coin or legal tender notes, issued by the United States Government.

It has often been held in this, as well as in other States, that unnecessary matters of description in an indictment, or information, must be proved as charged. *Ball* v. *State,* 26 Ind. 155; *Wertz* v. *State,* 42 Ind. 161; *Dennis* v. *State,* 91 Ind. 291.

In *McQueen* v. *State,* 82 Ind. 72, it was said, however : " It would be unreasonable to expect one who is robbed of money, or its representative, to give an accurate description of it, and it would render it almost impossible to convict a thief or a robber if courts should undertake to require the prosecutor in all cases to give a particular description of the money or notes feloniously taken."

It was no doubt the purpose of the Legislature in enacting the statute above set out to avoid the difficulty often encountered by the prosecutor in proving an exact description of the money in cases like this, and it is our duty, so far as we can do so, consistent with legal rules, to carry that purpose into effect. It was the evident intention of the prosecutor in drafting the indictment in this case to make it conform to the statute, otherwise there would have been a more particular description of the money taken, but in doing so he added unnecessary words of description. In the case of *Mergentheim* v. *State,* 107 Ind. 567, it was said : " But the variance, if such it be, had reference only to a matter of unnecessary description ; and for a mere failure to

prove with technical exactness an averment which was not necessary nor of the essence of the offence charged, we would not, under the rules governing appeals in criminal cases, be authorized to reverse."

The evidence in this case proves that the money taken was paper money consisting of tens and five-dollar bills. The money taken from the appellant at the time of his arrest, and which is claimed by the State to be the money stolen, was deposited with the clerk of the court. He was called as a witness, and produced the money and exhibited it to the court and jury, after which it was handed to counsel for the appellant for examination. No objection was made then or at any other time during the trial, so far as it appears by the record, that there was any variance between the proof and the allegations in the indictment.

The most that can be said of the objection now urged is, that there is a variance between the allegations of descriptions in the indictment and the proof offered by the State to sustain such allegations.

A party objecting to a variance between the pleadings and the proof must make his objection at the proper time during the trial, and, if he does not do so, he can not afterwards avail himself of the objection. *Graves* v. *State*, 121 Ind. 357.

In this case all the proof relating to the money taken went to the jury without objection at the time it was introduced or afterwards.

It is now too late to urge this objection, especially as there was evidence in the cause from which the jury could have drawn the inference that the money was of the kind described in the indictment. David Axton testified that it was lawful money of the United States, but upon cross-examination stated that he did not know whether it was greenbacks or national bank notes.

The case of *Lewis* v. *State*, 113 Ind. 59, and similar cases, are not in point, for there it can not be said there was

any effort to follow the statute under consideration, as each bill stolen was particularly described in the indictment.

The record discloses the fact that on the motion of the appellant the court entered an order separating the witnesses and excluding them from the court-room during the trial.

The appellant at the proper time called a witness on his behalf, to whose competency the State objected on the ground that such witness had remained in the court-house, in disobedience of the court's order, and had heard the other witnesses in the cause testify.

It appeared that the witness had not been subpœnaed, and did not know that she would be called upon to testify in the cause, but the appellant knew she was in possession of the fact which he proposed to prove by her. He and his counsel denied all knowledge of the fact that the witness was in the court-room during the trial. The court nevertheless refused to allow her to testify in the cause. The fact proposed to be proved by her was material to the defence in the cause.

We think the court erred in excluding the evidence of this witness.

The question here presented received a careful consideration in the cases of Davis v. Byrd, 94 Ind. 525; Burk v. Andis, 98 Ind. 59; and State, ex rel., v. Thomas, 111 Ind. 515.

The rule to be deduced from these cases is that, where a party is without fault and a witness disobeys an order directing a separation of the witnesses, the party shall not be denied the right of having the witness testify, but the conduct of the witness may go to the jury upon the question of his credibility. We are not called upon in this case to inquire what the rule would be in a case where the party had connived at the presence of a witness in violation of the order of the court, or where he had knowingly permitted him to remain, as, in this case, it does not appear that the appellant had any knowledge of the witness' presence in the court-room.

For the error of the court in excluding the testimony of this witness the judgment must be reversed.

Judgment reversed, with directions to the circuit court to grant a new trial.

