STEVEN TOTH *v.* STATE OF INDIANA

[No. 1-178A8. Filed April 27, 1978.]

*Robert E. Stewart, Guido & Stewart*, of Danville, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *David Michael Wallman*, Deputy Attorney General, for appellee.

## STATEMENT OF THE CASE

LOWDERMILK, J. — Defendant-appellant Steven Toth (Toth) appeals from the overruling of his motion to correct errors after his conviction by jury of the offenses of first degree arson and entering to commit a felony.

## FACTS

The facts relevant to disposition of this case on appeal are as follows:

Toth and David Breed allegedly set fire to the mobile home of Charles Bringham. At Toth's trial, the State relied upon circumstantial evidence for proving his guilt. Testimony presented by the State concerning conversations which allegedly included Breed and Toth and certain other persons was a vital element in establishing Toth's guilt beyond a reasonable doubt.

After the State rested its case in chief, the trial court learned that a person present in the courtroom had been taking notes during the trial and had been discussing those notes with defense witness David Breed during recesses. Testimony given out of the presence of the jury revealed that the notes were taken at the behest of Breed and without the knowledge of Toth.

The trial court ruled that Breed would be allowed to testify but Breed's testimony would be limited to matters not raised in the State's case in chief.

## ISSUES

Toth raises two issues for review:

1.   Did the trial court err in limiting testimony of a defense witness because of violation of a purported order for separation of witnesses?[1]

---

1.   No order for separation of witnesses appears in the record. Throughout the trial, however, the court and the parties proceeded as if such an order had been entered. Toth

2. Is there substantial evidence of probative value to support the convictions?

## DISCUSSION AND DECISION

The trial court exercises discretion in ordering the separation of witnesses. *Dixon v. State* (1976), 264 Ind. 651, 348 N.E.2d 401; *Dudley v. State* (1970), 255 Ind. 176, 263 N.E.2d 161; *Hilligoss v. State* (1970), 253 Ind. 443, 255 N.E.2d 101. The trial court also exercises discretion in determining the course to be followed when its separation order is violated. *Rinard v. State* (1976), 265 Ind. 56, 351 N.E.2d 20; *Wright v. State* (1972), 259 Ind. 197, 285 N.E.2d 650.

In *Dixon, Dudley*, and *Hilligoss, supra,* appellants challenged certain exceptions which the trial courts made in their orders for separation of witnesses. No violations of orders were involved. In *Wright, supra,* the Supreme Court noted that the State's witnesses had committed no violations of consequence.

*Rinard* and the case at bar can be distinguished because of the nature of the prohibited testimony. In *Rinard* the trial court refused to let the defendant recall a defense witness for surrebuttal because that witness had remained in the courtroom after testifying concerning the defendant's reputation in the community for truthfulness. We quote from the opinion of the Supreme Court, at 351 N.E.2d 25:

> ". . . We are presented with no facts which indicate that the testimony would have been anything other than cumulative and repetitious. Moreover, the rebuttal evidence presented by the State merely impeached testimony of a witness whose sole purpose was to impeach still another witness. It was not reversible error to refuse to allow surrebuttal under such circumstances.
>
> * * *"

In the case at bar, the trial court restricted David Breed, the alleged accomplice of Toth and Toth's sole defense witness, from testifying concerning any matter raised by the State in the State's case in chief.

made no effort to explain to the court that no order for separation of witnesses existed; Toth made no reference in his motion to correct errors to the absence of such an order. In light of these omissions on the part of Toth, we hold that Toth has failed to preserve for review any issue concerning possible error in the court's enforcing a non-existent order for separation of witnesses.

*Rinard* and the case at bar can be distinguished for another reason. In *Rinard* the witness remained in the courtroom presumably with the knowledge of the defendant. By contrast, Toth had no knowledge that events were occurring which would destroy his opportunity to present his sole defense witness for the purpose of responding to the evidence presented by the State.

The court's attention has been directed to *Jackson v. State* (1860), 14 Ind. 327, and to our Supreme Court's opinion in a disciplinary proceeding, *In the Matter of Wireman* (1977), Ind., 367 N.E.2d 1368. In each instance the Supreme Court approved the prohibition of testimony because of violation of an order for separation of witnesses. In *Jackson* the defendant was responsible for the violation; in *Wireman* the respondent was responsible for the violation. We again note that Toth had no knowledge of the violation which occurred in the case at bar.

In *Taylor v. State* (1891), 130 Ind. 66, 70, 29 N.E. 415, our Supreme Court stated:

"* * *

The rule . . . is that, where a party is without fault and a witness disobeys an order directing a separation of the witnesses, the party shall not be denied the right of having the witness testify, but the conduct of the witness may go to the jury upon the question of his credibility. . . ."

The Supreme Court cited *Taylor* with approval in *McCoy v. State* (1960), 241 Ind. 104, 170 N.E.2d 43.

Because of the critical nature of Breed's testimony and because of the absence of fault on the part of Toth, we hold that the trial court committed reversible error in preventing Breed, an alleged accomplice and Toth's sole defense witness, from providing testimony on any matter presented in the State's case in chief. As stated in *Taylor, supra*, the trial court could have informed the jury concerning the note taking and allowed the jury to consider the incident in assessing the credibility of Breed.

Judgment reversed and cause remanded for a new trial.

Lybrook, P.J. and Robertson, J. concur.

NOTE—Reported at 375 N.E.2d 256.