Charles Ellis BIRKLA, Appellant,

v.

STATE of Indiana, Appellee.

No. 277S135.

Supreme Court of Indiana.

Nov. 8, 1979.

Harriette Bailey Conn, Public Defender, Indianapolis, for appellant; R. Davy Eaglesfield, III, Deputy Public Defender, Indianapolis, of counsel.

Theo. L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Charles Ellis Birkla was convicted by a jury in Knox Superior Court of second degree murder and first degree murder in the commission of a robbery, for the shooting death of David Higgins, a service station employee. He was sentenced to life imprisonment. On appeal, this Court affirmed the convictions. *Birkla v. State*, (1975) 263 Ind. 37, 323 N.E.2d 645.

On July 9, 1975, appellant filed a petition for post-conviction relief, alleging that newly discovered evidence requires a new trial of this cause. The trial court held a hearing on this petition and denied appellant's prayer for relief. Appellant Birkla now prosecutes this appeal from that judgment.

He argues the trial court erred in holding that the alleged newly discovered evidence did not warrant a new trial. It appears from the evidence adduced at the post-conviction relief hearing that Robert Lee Smithhart was Birkla's co-defendant under the original charges. Birkla was granted a separate trial and was tried before Smithhart's scheduled trial. After Birkla was convicted, Smithhart pleaded guilty to the reduced charge of voluntary manslaughter. While Smithhart did not testify at Birkla's trial, he now indicates that he was the sole perpetrator of this crime and that appellant Birkla was not involved in the incident. This was the substance of Smithhart's testimony at the post-conviction relief hearing. Appellant Birkla claims this confession constitutes newly discovered evidence and warrants a new trial.

In its finding of fact and conclusions of law, the trial court found, in part, as follows:

. . . . .

4. The petitioner has failed to establish his asserted grounds for relief by a preponderance of the evidence in the following particulars:

(a) The evidence of Robert Lee Smithhart is not worthy of credit.

(b) The evidence of Robert Lee Smithhart would probably not produce a different result in the trial of the petitioner.

(c) According to the trial jury and the Supreme Court of Indiana, there was sufficient evidence to find the petitioner guilty beyond a reasonable doubt. Robert Lee Smithhart was a co-defendant, was tried after the petitioner, did not testify at the original trial of the petitioner and was allowed to plead guilty to voluntary manslaughter. A witness under these circumstances has very little, if anything, to lose by now admitting complete responsibility for the crimes with which he and the petitioner were charged, making it in my opinion not worthy of credit and therefore not likely to produce a different result in the trial of the petitioner.

. . . . .

Record at 411–12. We think the trial court was correct in this determination.

As the trial court aptly pointed out, a person in Smithhart's position has very little, if anything, to lose by admitting complete responsibility for the crime for which he has already been subject to criminal prosecution. Appellant asserts that this admission will subject Smithhart to serving a longer sentence than he would have served if he had remained silent. This claim is supported only by mere speculation. Appellant offers no tangible evidence regarding the practices of the parole board in

these matters. Thus, we cannot say the trial court erroneously held that Smithhart had little or no credibility as an exonerating witness.

Appellant also claims that Smithhart's testimony reflects his knowledge of certain minute details of the crime "which only the killer would know." However, appellant does not say specifically what those "details" are, and our examination of the record does not reveal any knowledge of the crime which is unique to Smithhart.

When a claim of newly discovered evidence is raised, the defendant is required to establish, by a preponderance of the evidence, several elements. Relevant to this case is the requirement that the proffered evidence will probably produce a different result if presented on retrial. *Fortson v. State*, (1979) Ind., 385 N.E.2d 429; *Emerson v. State*, (1972) 259 Ind. 399, 287 N.E.2d 867. As our original opinion on direct appeal pointed out, there was substantial evidence of appellant's guilt of this crime. *See Birkla v. State*, (1975) 263 Ind. 37, 46, 323 N.E.2d 645, 650. In weighing the probative force of the newly discovered evidence, the trial court must consider the weight which a reasonable trier of fact would give the proffered evidence in light of all the facts and circumstances shown at the original trial. *Fortson v. State, supra; Emerson v. State, supra; Click v. State*, (1950) 228 Ind. 644, 94 N.E.2d 919. This review must include an evaluation of the witnesses' credibility. *Sullivan v. State*, (1937) 212 Ind. 79, 6 N.E.2d 951. The proffered evidence must, in the trial court's view, be so decisive as to " 'raise a strong presumption that it will, in all probability, result in an opposite conclusion on another trial.' " *Norris v. State*, (1976) 265 Ind. 508, 513, 356 N.E.2d 204, 207, *quoting Marshall v. State*, (1970) 254 Ind. 156, 162, 258 N.E.2d 628, 631. The trial court properly concluded that Smithhart's lack of credibility made it unlikely that his testimony would produce a different result in a new trial. Therefore, we find no error here. *See Kern v. State*, (1957) 237 Ind. 144, 144 N.E.2d 705.

The judgment of the trial court is affirmed.

All Justices concur.