David BAYSINGER, Robert D. Davis, Clifton Head, Roy Taylor, Appellants (Defendants Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1–981A278.

Court of Appeals of Indiana, First District.

June 3, 1982.

Rehearing Denied July 7, 1982.

J. Richard Kiefer, Indianapolis, Mark W. Hunter, Brazil, Barbara Coyle Rennolet, R. Paulette Stagg, Terre Haute, for appellants.

Linley E. Pearson, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

On April 9, 1981, the Clay County Circuit Court found defendants-appellants, David Baysinger, Robert Davis, Clifton Head, and Rod Taylor guilty of burglary and theft. On May 5, 1981, the court sentenced Baysinger to eight years imprisonment finding as an aggravating factor the fact that he was on probation for another burglary conviction at the time of the offense. Also on May 5, 1981, Taylor was sentenced to five years imprisonment. On May 15, 1981, the court sentenced Head to eight years imprisonment finding the fact that he had two prior felony convictions for theft and an additional felony charge pending as aggravating circumstances. Also on that date, Davis was sentenced to five years imprisonment. The court found that the theft conviction should be merged with the burglary conviction for all four defendants.

We affirm.

In the early morning hours of June 3, 1980, Brazil police officers, Michael Moon and Max Lance, were called to investigate a possible breaking and entering at Marquee Manufacturing, Inc. As the officers approached the area, they observed two male subjects walking in the vicinity. Upon seeing the officers, these two individuals, who were later identified as Baysinger and Taylor, began to run. Officer Moon apprehended and arrested Baysinger and Officer Lance found Taylor, Davis, and Head hiding underneath a trailer near Marquee Manufacturing. The officers also found various items from Marquee Manufacturing including six vacuum cleaners and an AM-FM cassette radio underneath the trailer. On June 4, 1981, all four individuals were charged with burglary and theft of Marquee Manufacturing, Inc.

The various defendants-appellants present the following issues for review:

1. Whether the trial court properly denied their motions for separate trials.

2. Whether the trial court abused its discretion in allowing a witness to testify despite violation of an order for separation of witnesses.

3. Whether the trial court erred in admitting evidence and testimony of stolen property returned to the victim prior to trial.

4. Whether the trial court properly denied a new trial based on newly discovered evidence.

Baysinger and Taylor contend that the trial court committed reversible error by failing to grant their motions for separate trials, which were made prior to trial and renewed during the trial. The controlling statutes in Indiana with respect to separate trials are Ind.Code 35–3.1–1–11 and Ind. Code 35–3.1–1–12. These statutes provide in part:

Sec. 11(b)

... In all other cases, upon motion of the defendant or the prosecutor, the court shall order a separate trial of defendants whenever the court determines that a separate trial is necessary to protect a defendant's right to a speedy trial or is appropriate to promote a fair determination of the guilt or innocence of a defendant.

Sec. 12(a)

A defendant's motion for severance of offenses or motion for a separate trial must be made before or at the close of all the evidence during trial if based upon the ground not previously known. The right to severance of offenses or separate trial is waived by failure to make the motion at the appropriate time.

(b) If a defendant's pretrial motion for severance of offenses or motion for a separate trial is overruled, the motion may be renewed on the same grounds before or at the close of all the evidence during trial. The right to severance of offenses or separate trial is waived by failure to renew the motion.

█ The statutes clearly give the trial judge the discretion to determine, in light of the circumstances, whether a separate trial is appropriate. *See, Frith v. State,* (1975) 263 Ind. 100, 325 N.E.2d 186. The court must decide if a separate trial is needed in order to promote a fair determination of the guilt or innocence of the accused. The decision to grant or deny a separate trial is reviewable only for an abuse of discretion. *Frith, supra.*

█ We look to what transpired at trial to decide whether there has been an abuse of discretion. *Marks v. State,* (1942) 220 Ind. 9, 40 N.E.2d 108. Baysinger and Taylor argue that the necessity of a separate trial arises from the possibility that any of the co-defendants could take the stand in order to exculpate himself and inculpate one of the other defendants. They maintain that the testimony of Head and Davis subjected them to such serious prejudice that the trial court abused its discretion in denying their motions for a separate trial.

Davis testified that he and the three other co-defendants "decided to walk around the block once, and we was talkin' about goin' down and breakin' in that place and makin' some easy money". Later Davis also testified that:

When we were at the back of the building someone grabbed the door and tried jerking the door up and asked for help, and said they couldn't get it by themselves, and I don't know which two it was exactly, and the door started comin' up and Cliff and I went on back to my truck and that's it.

Head also took the stand and testified. Pertinent parts of his testimony are as follows:

A.  (Defendant Head) We were standing out behind the truck and getting' high, and somebody suggested, you know, that we should break in somewhere.

Q.  (Attorney Hunter) Any particular place?

A.  Marquee.

Q.  Who suggested that?

A.  I'm not for sure. We walked around the place.

Upon further questioning Head testified that Baysinger and Taylor single-handedly ripped open the commercial garage door of Marquee Manufacturing.

█ While the above testimony is indeed damaging to Baysinger and Taylor, there is no constitutional right to be protected from damaging evidence. If this were the case, separate trials would be a matter of right for all situations involving co-defendants. *Frith, supra.* The mere fact that one implicates another does not entitle the latter to a separate trial.

█ Furthermore, a defendant who takes the stand is subject to cross-examination, and his credibility is to be evaluated by the jury, who can disbelieve or believe whomever it chooses. *Lock v. State,* (1980) Ind., 403 N.E.2d 1360. Since all four defendants were convicted, the triers of fact apparently chose not to believe Davis and Head, who

testified to exculpate themselves and inculpate Baysinger and Taylor. The testimony of Davis and Head was not such as to deny them a fair determination of their guilt or innocence. Consequently, we find no abuse of discretion by the trial court in this regard.

Secondly, Baysinger and Taylor allege that the trial court abused its discretion in allowing Cheryl Hadley to testify despite violation of a separation of witnesses order. Upon questioning by the court, it became known that prior to Hadley's testimony Cheryl Hill had been present in the courtroom taking notes and had shared those notes with Hadley. The court permitted Hadley to testify over the objection of both the State and defendants, Baysinger and Taylor. In so ruling, the judge stated that:

> [I]mpeachment on cross examination is going to be so wide-open that the effect of her testimony is anyone's guess. But I'm going to let her testify for whatever worth it may be.

The trial court did, however, note the seriousness of the incident and placed Cheryl Hill in jail for contempt of court.

■ In Indiana, it is well settled that the decision to grant or deny a motion for separation of witnesses is a matter for the trial court's sound discretion. *Smith v. State,* (1981) Ind., 420 N.E.2d 1225. Also, the course of action to be followed when a separation order is violated rests within the discretion of the trial court. Such rulings will not be disturbed unless there is a manifest abuse of discretion. *Rinard v. State,* (1976) 265 Ind. 56, 351 N.E.2d 20; *Brannum v. State,* (1977) 267 Ind. 51, 366 N.E.2d 1180. Even where a clear violation of a separation order is shown, the trial court may permit the violating witness to testify. *Brannum, supra.* This is particularly true where there is no evidence of any connivance or collusion by the party calling the witness.

■ In the present case, there is evidence that the State is not guilty of collusion because it joined Baysinger's objection to Hadley's testimony. While allowing Hadley to testify, the court permitted wide latitude on cross examination for impeachment purposes. When asked upon cross examination if she knew what the officer's testimony had been, Hadley replied, "Not really". There is no evidence that she conformed her testimony to the previous evidence. Furthermore, Hadley admitted that during her testimony she made numerous inconsistent statements.

Defendants Baysinger and Taylor have failed to show how Hadley's testimony caused fundamental prejudice to the trial of their case. Consequently, it cannot be said that the trial court abused its discretion in permitting Hadley to testify.

The third issue set forth by defendants Baysinger, Taylor, and Davis is that certain evidence and photographs of the stolen vacuum cleaners were improperly admitted during trial. They maintain that the police did not follow the statutory procedures for the return of stolen property to its rightful owner. In addition, they maintain that there was an insufficient foundation laid for introduction of the photographs into evidence.

■ IC 35–1–6–5.1 provides for the return of stolen property to its rightful owner upon the satisfaction of certain conditions. Defendants assert that the goods were improperly returned because no receipt of delivery was obtained from the owner as required by IC 35–1–6–5.1(b)(2). Mr. Clarence Morlan, president of Marquee Manufacturing, went to police headquarters and matched the model and serial numbers of the missing machines with those found underneath the trailer. Identification tags were still on the sweepers which revealed the customer's names and that of Marquee Manufacturing. The items were photographed and Mr. Morlan recovered the sweepers and returned them to his customers. Defendants have failed to show how they were prejudiced by Mr. Morlan's failure to sign a receipt for the property. Mr. Morlan testified that he recovered the property which was sufficient to alleviate any potential harm caused by lack of a receipt.

■ Defendants also maintain that the property should have been returned to the

owners rather than Mr. Morlan. However, Mr. Morlan was a bailee who had rightful possession of the property at the time of the burglary. Consequently, no harm came from return of the property to Mr. Morlan rather than directly to the owners. *See, Stanley & Rodriguez v. State*, (1982) Ind. App., 435 N.E.2d 54.

None of the technical errors complained of in this case were so prejudicial as to deny defendants a fair trial. Consequently, we find such errors to be harmless.

■ In addition to the procedural non-compliance with the statute, defendants contend that they were denied their constitutional rights because they were unable to examine the evidence for fingerprints. The record shows that the defendants did not seek to have the evidence inspected by an expert until three months after their seizure. As a result, they waived their right to complain by failure to diligently pursue their remedies. *See generally, Funk v. State*, (1981) Ind., 427 N.E.2d 1081; *Butler v. State*, (1978) Ind.App., 372 N.E.2d 190. Furthermore, there is absolutely no evidence of intentional withholding or destruction of evidence by the police. Thus, the defendants were not denied their constitutional rights due to their inability to examine the evidence for fingerprints.

■ Defendants also argue that there was an insufficient foundation laid for introduction of the photographs into evidence. Because of the potential for distortion and the lack of ability to cross examine, this court in *Bergner v. State*, (1979) Ind.App., 397 N.E.2d 1012, found the foundational requirements for admission of pictures as substantive evidence to be different from the foundation required for demonstrative evidence.

In the present case, the principal evidence against the defendants came from the victim and the officers who were cross examined at trial. The photographs of the sweeper were used as demonstrative evidence which only required a foundation to be laid by a witness who could state that they were a true and accurate representa-tion of the things they were intended to depict. *Bergner v. State, supra*. This requirement was met by the testimony of Officer Lance. The photographs also satisfied the relevance requirement because witnesses were properly permitted to testify about the subject matter portrayed in the photograph. *Id.*

The admission of photographs is within the sound discretion of the trial court and may be reversed only on a showing of an abuse of discretion. The court in this case did not abuse its discretion.

■ The fourth issue presented by defendant Davis is whether the court properly denied a new trial based on newly discovered evidence. Newly discovered evidence as a basis for a motion for new trial is received with great caution. *Ward v. State*, (1956) 235 Ind. 531, 135 N.E.2d 509. The standard for granting a new trial is a rigorous one. The defendant must establish:

1. that the evidence has been discovered since the trial;
2. that it is material and relevant;
3. that it is not cumulative;
4. that it is not merely impeaching;
5. that it is not privileged or incompetent;
6. that due diligence was used to discover it in time for trial;
7. that the evidence is worthy of credit;
8. that it can be produced upon a retrial of the case;
9. that it will probably produce a different result.

In the case at bar, the evidence presented is merely cumulative of testimony given at trial by witnesses Davis and Head. Davis and Head both testified that although all four defendants discussed the break-in, only Baysinger and Taylor actually performed the burglary. The jury had the evidence before it to evaluate and apparently found the explanations of Davis and Head unworthy of credibility.

■ In addition, the court's review of newly discovered evidence must include an evaluation of the witnesses' credibility.

*Birkla v. State*, (1979) Ind., 396 N.E.2d 115. The proffered evidence must be so decisive as to raise a strong presumption that it will in all probability result in an opposite conclusion at another trial. *Id.*

The proffered evidence in this case consisted of affidavits by inmates containing hearsay. It is unlikely that such evidence carries sufficient indicia of reliability to produce a different result.

Defendant Davis has failed to meet the rigorous standard for the granting of a new trial. Therefore, we find no error by the trial court in this regard.

Judgment affirmed.

RATLIFF, P. J., and NEAL, J., concur.