Darlin CALDWELL, Appellant
(Defendant),

v.

STATE of Indiana, Appellee (Plaintiff).

No. 2–1085–A–321.

Court of Appeals of Indiana,
Second District.

Sept. 24, 1986.

Kenneth T. Roberts, Kenneth T. Roberts & Associates, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Defendant-appellant Darlin Caldwell (Caldwell) appeals her conviction of neglect of a dependent, a class B felony,[1] claiming abuse of the trial court's discretion in admitting the testimony of a witness who allegedly violated the trial court's separation order and insufficiency of the evidence.[2] In addition, the State claims the trial court erred in sentencing Caldwell to less than the statutorily prescribed minimum sentence.

We affirm the judgment of conviction and remand for resentencing.

## FACTS

Three-year-old Letresha Caldwell (Letresha) died on December 1, 1984, after a fall from a baby chair and a beating at the hands of Caldwell's mother, Carolyn Starks (Starks). Caldwell had taken Letresha to Starks's home in Marion County on Thanksgiving Day and left her there for a visit at Starks's request. Starks's other children, Patricia Thompson (Patricia), age sixteen, Tammara, age eleven, Atiya, age nine, Aesha, age six, and Hassnun, age four, were also present in the home.

On several occasions between Thanksgiving Day and December 1, Starks struck Letresha repeatedly, both with her hands and with a broomstick. During the last of these incidents, Letresha fell and hit her head on the table. Letresha died that night in her sleep. Starks left the next morning and did not return. Later that morning the children found Letresha's body in her crib. After several attempts to contact Caldwell, Tammara spoke with her by telephone on December 3 and told her Letresha was dead. Caldwell did not return to Starks's home until December 29, 1984. Sometime before Christmas, however, Caldwell returned the Christmas gifts she had purchased for Letresha to the store. On December 29, 1984, Letresha's decomposing body was found in a trash dumpster near Starks's home, where the children had placed it. Caldwell was arrested and charged with neglect of a dependent for knowingly placing Letresha in a dangerous situation. Caldwell was convicted after a bench trial on April 9–10, 1985.

## DECISION

■ Caldwell challenges the admission, over defense objection, of testimony from Tommy Brightwell (Brightwell) who, despite a separation of witnesses order, spoke with another witness and a spectator in the hall outside the courtroom during the trial. Our review of a trial court's enforcement of a separation of witnesses order is limited. When the alleged violation occurred without the connivance or collusion of the party calling the witness, we may review only for an abuse of discretion. *Wardlaw v. State* (1985), Ind., 483 N.E.2d 454; *Drake v. State* (1984), Ind., 467 N.E.2d 686. We will not disturb the trial court's decision without a showing of prejudice tantamount to an abuse of discretion. *Wardlaw, supra.*

■ The trial court specifically found that the prosecution had no knowledge of the alleged violation. Defense counsel cross-examined Brightwell vigorously, disclosing inconsistencies with prior statements and several sources of possible bias. The trial court observed that Brightwell had obviously "chosen up sides" before he took the stand and stated that the court would consider the alleged violation in evaluating his credibility. *Record* at 510.

1. Ind.Code 35–46–1–4 (1982).

2. Caldwell includes in her statement of issues the contention that she was denied the presumption of innocence throughout the trial. Cald-

well has offered no argument to support her contention. Therefore, any error in this respect is waived. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

While parts of Brightwell's testimony were potentially damaging to the defense, his was not the only testimony regarding Caldwell's knowledge of Starks's propensity for violence. Caldwell's younger sisters and Eugene Carter (Carter), Letresha's father, testified that Starks was responsible for injuries to several children in her care, including Caldwell herself. Caldwell admitted to police in 1979 that her infant son, Antwain, suffered physical abuse at Starks's hands on the day he died. In addition, Patricia testified that Starks had struck Letresha in Caldwell's presence on more than one occasion. Thus, Brightwell's testimony regarding Caldwell's knowledge of Starks's propensity for violence to young children was merely cumulative of other evidence. *See Taylor v. State* (1984), Ind., 469 N.E.2d 735. In light of defense counsel's vigorous cross-examination of Brightwell, the absence of collusion by the State, and the cumulative nature of Brightwell's testimony, we find no manifest abuse of discretion in the trial court's decision to admit Brightwell's testimony.

Caldwell claims the evidence before the trial court was insufficient to prove that she knowingly placed her child in a dangerous situation. Our standard of review of sufficiency questions is well-known. *See Armour v. State* (1985), Ind., 479 N.E.2d 1294. To convict a caretaker under the theory of neglect of a dependent the State must show the caretaker was subjectively aware of a high probability that he or she placed the dependent in a dangerous situation. *Id.; see also Ware v. State* (1982), Ind.App., 441 N.E.2d 20, *trans. denied.* The State presented ample evidence, as recited above, that Caldwell knew of Starks's propensity for violence to young children. Viewed most favorably to the trial court's judgment, the evidence supports the trial court's judgment.

Finally, the State asserts fundamental error in the trial court's failure to sentence Caldwell within the limits prescribed by the legislature. The presumptive sentence for a class B felony is ten years with no more than four years to be subtracted for mitigating circumstances. IC 35–50–2–5

(1982). Without making any statement of mitigating factors, as required by IC 35–38–1–3 (Supp.1986), the trial court sentenced Caldwell to six months in the Marion County jail, with one hundred forty days credit for time served, followed by two years of probation to be served at Craine House, a community corrections facility, plus two hundred hours of community service.

A reviewing court must correct an improper sentence even though the question may not have been raised in a motion to correct error. *Atkins v. State* (1982), Ind.App., 437 N.E.2d 114, *cert. denied*, 462 U.S. 1109, 103 S.Ct. 2460, 77 L.Ed.2d 1337. The trial court erred in failing to enter a sentence within the statutorily prescribed limits. Therefore, we must remand to the trial court for proper sentencing.

The judgment of conviction is affirmed and the cause remanded for resentencing in the manner required by statute.

SHIELDS, J., concurs.

SULLIVAN, J., concurs in result.