Charles CORDRAY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 82A04–9703–CR–109.

Court of Appeals of Indiana.

Oct. 31, 1997.

Keith E. Haas, Evansville, for Appellant-Defendant.

Jeffrey A. Modisett, Attorney General, Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Appellee-Plaintiff.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Charles Cordray (Cordray) appeals his conviction of Dealing in Cocaine, a Class B Felony.[1]

We reverse the Defendant's conviction and remand for a new trial.

### ISSUE

The Appellant presents one issue for our review which we restate as: Whether Cordray's Sixth Amendment right was violated when the trial court refused to allow a defense witness to testify based upon the wit-ness's violation of the court's separation order.

### FACTS AND PROCEDURAL HISTORY

The facts most favorable to the verdict are set out below. On January 19, 1995, Pamela Green, a confidential informant for the Evansville Police Department, was prepared by police officers for a "controlled buy" from the Appellant. Green purchased approximately 1.49 grams of cocaine from Cordray at the apartment of "Johnie," an acquaintance of Cordray. The cocaine was obtained from some type of secret compartment in a wall of the apartment. At the time of the purchase, Green, her daughter, Cordray, "Johnie" (last name unknown), a woman named "Paulette" (last name unknown), a man named "Tony" (last name unknown), and an unidentified woman were present at the apartment.

Following this controlled buy, Appellant was charged with Dealing in Cocaine, a Class B Felony. A jury trial was held at which the Defendant desired to have "Johnie" testify. The Defendant was not able to find Johnie prior to trial, although he did tell his friends and "put the word out on the street" that Johnie and Paulette were to contact him. After selecting the jury, but prior to the testimony of any witnesses, the court granted defense counsel's motion for a separation of witnesses order. Thereafter, in the afternoon of the first day of trial, "Johnie" entered the courtroom and sat in the back as confidential informant Green testified. Upon noticing Johnie sitting in the courtroom, the Defendant informed his counsel of Johnie's presence, who then had Johnie removed from the courtroom. The trial court later heard testimony outside the presence of the jury with regard to the issue of whether Johnie[2] should be allowed to testify. The court ruled that based upon his violation of the court's order for separation of witnesses, Johnie would not be allowed to testify on behalf of the Defendant.

Following the trial, the jury convicted Cordray of the charged offense, and he was sentenced to the Indiana Department of Cor-

---

1. Ind.Code 35–48–4–1.

2. At this time it was determined that Johnie's surname is "Hughes."

rection for eleven years. He then timely filed this direct appeal.

### DISCUSSION AND DECISION

Cordray contends that the trial court violated his Sixth Amendment[3] right to have witnesses testify on his behalf by its refusal to allow Johnie Hughes to testify during the defense case-in-chief based on Hughes' violation of the trial court's order for separation of witnesses.

■ Our standard of review in these types of cases is limited. "We will not disturb the trial court's decision without a showing of prejudice tantamount to an abuse of discretion." *Caldwell v. State,* 497 N.E.2d 610, 611 (Ind.Ct.App.1986). Thus, in order to show an abuse of the trial court's discretion, Cordray must show that he has been prejudiced. *See Stephens v. State,* 546 N.E.2d 1260, 1262 (Ind.Ct.App.1989), *trans. denied* (1990).

■ It is a well-settled element of Indiana procedural law that "[t]he purpose of a separation order is to prevent witnesses from changing their testimony according to the questioning and testimony of those preceding them at trial." *Garland v. State,* 439 N.E.2d 606, 608 (Ind.1982); *see also Harrington v. State,* 584 N.E.2d 558, 562 (Ind. 1992), *reh'g denied; Phillips v. State,* 550 N.E.2d 1290, 1295 (Ind.1990), *reh'g denied; Davis v. State,* 398 N.E.2d 704, 706 (Ind.Ct. App.1980); *Dixon v. State,* 264 Ind. 651, 348 N.E.2d 401, 406 (1976). Further, when a violation of a witness separation order occurs, it is within the trial court's discretion as to the course of action to be followed. *Bartruff v. State,* 528 N.E.2d 110, 116 (Ind.Ct. App.1988), *reh'g denied, trans. denied* (1989) (citing *Baysinger v. State,* 436 N.E.2d 96, 100 (Ind.Ct.App.1982)).

■ It is wholly within the discretion of the trial judge to allow a witness who has clearly violated a witness separation order to testify, especially if there is no evidence of any connivance or collusion on the part of the party wishing to call the witness. *Id.* (citing *Wireman v. State,* 432 N.E.2d 1343, 1349 (Ind.1982), *cert. denied,* 459 U.S. 992, 103

S.Ct. 350, 74 L.Ed.2d 389). Although the Sixth Amendment to the United States Constitution guarantees a defendant the right to present witnesses on his or her behalf, *Borst v. State,* 459 N.E.2d 751, 753 (Ind.Ct.App. 1984), a trial court also has the power to exclude the testimony of a defense witness who has violated the court's separation order. *Murphy v. State,* 475 N.E.2d 42, 50–51 (Ind. Ct.App.1985), *reh'g denied, trans. denied.* However, due to the severe impact it has on the defendant's constitutional rights, disqualification of a defense witness due to a violation of a witness separation order is not always appropriate. Moreover, our supreme court has held that it is prejudicial error to refuse to allow an errant witness to testify where the party calling the witness is not at fault for the violation. *Brannum v. State,* 267 Ind. 51, 366 N.E.2d 1180, 1184 (1977) (citing *McCoy v. State,* 241 Ind. 104, 170 N.E.2d 43 (1960); *Taylor v. State,* 130 Ind. 66, 29 N.E. 415 (1891); *State ex rel. Steigerwald v. Thomas,* 111 Ind. 515, 13 N.E. 35 (1887)).

First we note that this court has previously decided *Smiley v. State,* 649 N.E.2d 697, 699 (Ind.Ct.App.1995), *trans. denied,* a case similar to the case at bar. In *Smiley,* the defendant's sister was not allowed to testify on his behalf because of her violation of the court's witness separation order, but an offer of proof was made as to what the sister's testimony would have been had she been allowed to testify. Defense counsel informed the court that the sister would have testified in support of Smiley's alibi defense, as well as to the fact that Smiley's co-defendant, who had testified against Smiley at trial, had received a favorable plea agreement for doing so.

■ On appeal, this court first determined that the trial court's disqualification of Smiley's sister violated his Sixth Amendment right and thus was in error. However, we further found that there was no prejudice to Smiley because other witnesses had previously testified to the same information to which Smiley's sister was to testify. In this

---

**3.** The Appellant having never raised the issue under Article I, Section 13 of the Indiana Consti- tution, we are concerned here only with issues of federal constitutional law.

decision, we stated that when the violation of the separation order is not the fault of the party wishing to call the witness, "judges **should** allow an offending witness to testify and then permit the other party to inform the jury about the witness's misconduct." *Id.* at 699 (*Emphasis added*). In this manner, the jury, whose job is to determine credibility of the witnesses, may do so with the witness's violation in mind. *Id.* (quoting *Taylor,* 130 Ind. 66, 29 N.E. 415, 417). This court further stated that if it is shown that the party wishing to call the errant witness was involved in or caused the violation of the court's order, the witness should be disqualified. *Id.*

■ Following our reasoning in *Smiley,* we proceed with our analysis of the case at bar. It is indeed true that Johnie Hughes violated the court's separation order by sitting in the courtroom during Green's testimony, the very testimony Johnie's testimony was to rebut. However, there is no evidence that the defendant or his counsel connived or colluded to cause Johnie to violate the court's separation order.

In fact, the evidence is quite to the contrary. Johnie Hughes testified outside the presence of the jury that Pam Green had been in his apartment approximately two times and during neither of those times had a drug transaction occurred. He also stated that there was no secret compartment in any wall of his apartment and that he was not served with a subpoena to testify. (R. 195–196). Cordray then testified as to his attempt to contact Johnie and his coincidental meeting with Johnie just prior to trial when Cordray told him to be in court the day of trial. Cordray further stated that he had no idea if Johnie would honor his request and appear in court. (R. 203–204). In addition, during defense counsel's argument to the court, counsel informed the trial court that he had never seen Johnie prior to his appearance in the courtroom the day before and that he had no idea he was going to appear to testify. Further, counsel had Johnie removed from the courtroom when the Defendant noticed his presence. (R. 206–207). Thus, the court's disqualification of Johnie

violated Cordray's Sixth Amendment right to call witnesses on his behalf and was in error.

■ However, in order to prevail, the Appellant must show that the trial court's error amounted to an abuse of discretion. *See Caldwell, supra.* Johnie was the only person, besides the Defendant, who could deny the occurrence of the drug transaction and the existence of the secret compartment in the wall of his apartment. Paulette, Tony, and, until the time-of-trial, Johnie, were unable to be found to testify. Further, the last names of these people were not known to the Defendant until Johnie testified at Defendant's trial. These were the people present when the drug transaction that is the basis of the Appellant's conviction is said to have occurred, and, therefore, the only witnesses who could testify on Defendant's behalf regarding this incident.

■ In addition to excluding an errant witness's testimony based upon the cooperation of the defendant and/or his or her counsel, Indiana courts have also upheld disqualifications where the witness's testimony would have been cumulative or inadmissible. *See, e.g., Smiley,* 649 N.E.2d at 700–701 (no abuse of discretion where trial court excluded witness because testimony would have been cumulative and inadmissible); *see also Rinard v. State,* 265 Ind. 56, 351 N.E.2d 20, 25 (1976). The rationale for excluding these witnesses is that the defendant suffered no prejudice because the witness's testimony was not crucial to the defendant's case. However, where the excluded witness is the sole witness to corroborate the defendant's defense, the witness's testimony is crucial and we have concluded that disqualification is an abuse of discretion. *See Toth v. State,* 176 Ind.App. 283, 375 N.E.2d 256, 258 (1978) (reversible error in exclusion of testimony of sole defense witness based on critical nature of testimony and absence of fault on the part of the defendant).

In the case at bar, Johnie was the sole defense witness who could corroborate Cordray's defense. Therefore, Johnie's testimony was crucial to the Appellant's case, and his disqualification by the trial court consti-

tutes an abuse of discretion.[4] The trial court clearly should have allowed Johnie to testify and then permitted the State to inform the jury of his misconduct. The jury would then have been allowed to perform their duty of determining Johnie's credibility in light of his violation of the court's order of separation of witnesses.

## CONCLUSION

Based upon the foregoing, the trial court violated the Appellant's Sixth Amendment right to have witnesses testify on his behalf by its refusal to allow Johnie Hughes to testify based on Hughes' violation of the trial court's order for separation of witnesses. The trial court's refusal to allow Hughes to testify amounts to an abuse of discretion.

Accordingly, Cordray's conviction is reversed and this cause is remanded for a new trial.

Reversed and remanded.

RUCKER, J., concurs.

CHEZEM, J., dissents with separate opinion.

CHEZEM, Judge, dissenting.

I respectfully dissent. While it is true that "courts have generally concluded that disqualification is an abuse of discretion" in enforcing a violation of witnesses order, *Smiley v. State*, 649 N.E.2d 697, 700 (Ind.Ct.App. 1995), this is not universally so. *E.g., McDonald v. State*, 511 N.E.2d 1066 (Ind.1987); *Rowan v. State*, 431 N.E.2d 805 (Ind.1982).

The majority states that Cordray was "not able to find Johnie prior to trial," op. at 220, but points to Cordray's "coincidental meeting with Johnie just prior to trial," op. at 222. I believe that Cordray's failure to notify his defense counsel that he had asked Johnie to attend the trial "caused the witness to violate the court's order," *Smiley*, 649 N.E.2d at 699, making disqualification appropriate.

The trial court did not err, despite the "critical nature" of the excluded testimony.

---

4. In its brief, the State incorrectly states that although Johnie's testimony as a corroborating witness may have been critical to Appellant's case, the testimony is not credible and therefore Cordray suffered no prejudice. The State cites to no case law for this proposition, and we find it to be without merit. Should we follow the State's argument, we would effectively usurp the jury's duty of determining the credibility of the witnesses.