**Andre Larue COLLINS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1082S399.**

Supreme Court of Indiana.

July 2, 1984.

Paul D. Stanko, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Defendant-appellant, Andre Larue Collins, was convicted by a jury of arson, Ind.Code § 35–43–1–1, a class A felony, and was sentenced to serve a twenty-five year term of imprisonment. In this direct

appeal, he raises several issues for our consideration:

(1) Whether the verdict of the jury is supported by sufficient evidence.

(2) Whether the trial court committed error by denying defendant's challenge for cause of a prospective juror.

(3) Whether the trial court committed error by denying defendant's motion in limine concerning evidence of his prior convictions.

(4) Whether the trial court erred in denying defendant's motions for mistrial.

Stella Dixon testified that she lived with the defendant and her four children in a Gary house owned by her father. On August 29, 1981, while attempting to repair the muffler on Dixon's car, the defendant punctured a hole in her gas tank. Dixon placed a bucket underneath the car to catch the dripping gasoline. She testified further that she went to bed at 10:00 p.m. on August 29 and that the defendant woke her up early the next morning when he returned home. They began an argument which lasted two hours. Defendant then walked out of the house, remarking to Dixon that he would "get even" with her, and returned with the bucket of gasoline that had been under her car. He threw the gasoline on the kitchen floor. Dixon stabbed the defendant with a paring knife in the chest three times in an attempt to stop him, but he pushed her against a wall, lit a match and ignited the gasoline.

Michael Dixon, the ten year old son of Stella Dixon, testified that he saw the defendant and his mother arguing and saw the defendant throw the gasoline on the kitchen floor and start the fire with a match. He testified that he received burns on one of his ankles for which he received treatment at the hospital. This testimony was corroborated by a nurse at Gary Methodist Hospital who also stated that she treated the defendant for stab wounds. She related that the defendant left the hospital, against the advice of treating personnel, when Stella and Michael Dixon arrived there. Two Hammond police officers testi-

fied that they were sent to guard the defendant when he appeared at St. Margaret's Hospital in Hammond. They stated that he attempted to leave the hospital, but was apprehended before he left the area.

The defendant testified in his defense that he and Dixon began arguing in the evening of August 29 and that when he threatened to leave early the next morning, Dixon began stabbing him with a knife. As he was being stabbed, he tripped over the tub of gasoline which had been under Dixon's car, spilling it and a fire ignited spontaneously. He postulated that the fire was started by a pilot light on one of the kitchen appliances.

I.

Defendant first contends that there was not sufficient evidence presented to support the verdict of the jury. Indiana Code § 35–43–1–1 defines arson and provides in part:

"(a) A person who, by means of fire or explosive, knowingly or intentionally damages: (1) A dwelling of another person without his consent ... commits arson, a class B felony. However, the offense is a class A felony if it results in either bodily injury or serious bodily injury to any person other than a defendant."

In reviewing a claim of insufficient evidence, we neither weigh the evidence nor resolve questions of credibility, but look only to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. If from that viewpoint there was evidence of probative value from which a reasonable trier of fact could conclude that a defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Taylor v. State*, (1973) 260 Ind. 64, 291 N.E.2d 890; *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657.

Defendant cites *Ellis v. State*, (1969) 252 Ind. 472, 250 N.E.2d 364, and *Fox v. State*, (1979) 179 Ind.App. 267, 384 N.E.2d 1159, for the proposition that there is a presumption in Indiana that a fire accidentally re-

sulted from some providential cause rather than from a criminal cause, unless the State proves otherwise. Since he presented evidence tending to show that the accelerant was spread by accident and was ignited by means unknown to him, he argues, the presumption that the fire was accidentally started was not overcome.

■■■ The language of this presumption, however, is no more than reflective of the burden the State bears in an arson case to prove beyond a reasonable doubt that the fire was knowingly or intentionally set by some person. It serves no special evidentiary purpose. Here there was direct testimony that the defendant knowingly damaged the dwelling place of another by fire without her consent resulting in bodily injury. The jury was not compelled to believe the defendant's version of the events of August 30, 1981. There was sufficient probative evidence to support the verdict of the jury.

## II.

Defendant next claims that the trial judge erred by denying his challenge for cause of a prospective juror. When his challenge for cause of prospective juror Kuzemka on the basis that he was an auxiliary policeman was denied, defense counsel exercised his fourth available peremptory challenge, removing Kuzemka from the jury. He then announced his intention to deliberately exhaust his six remaining peremptory challenges, and attempt to exercise an additional peremptory challenge. This eleventh peremptory challenge, exercised in an attempt to excuse juror Ranich, was disallowed. Defense counsel then attempted to challenge juror Ranich for cause but that challenge was denied when counsel admitted there were no grounds for cause. Defendant claims there was error in the denial of his challenge for cause of juror Kuzemka.

In *Robinson v. State*, (1983) Ind., 453 N.E.2d 280, the defendant alleged error in the denial of two challenges for cause of prospective jurors. We held there:

"Our law on this issue is well settled. We have consistently held that to preserve any error the defendant bears the burden of demonstrating that *at the time she challenged the jurors for cause*, she had exhausted her peremptory challenges. *Morse v. State*, (1980) Ind., 413 N.E.2d 885; *Sutton v. State*, (1957) 237 Ind. 305, 145 N.E.2d 425; *Rock v. State*, (1915) 185 Ind. 51, 110 N.E. 212. Although defendant did later use all her ten peremptory challenges and was denied an eleventh peremptory challenge, she does not show how that later juror was prejudiced or biased toward her." (Original emphasis.) 453 N.E.2d at 282.

■■ At the time his challenge for cause was denied, the defendant here had seven peremptory challenges remaining, one of which he was able to exercise to excuse juror Kuzemka. Since he had not exhausted his peremptory challenges at the time he challenged Kuzemka for cause, defendant was able to accomplish the objective he sought and there is no error. *Robinson, supra.*

## III.

Before the trial began, defendant filed a motion in limine. That motion listed defendant's previous convictions from 1946, 1952, 1956, 1965, and 1970 and contended that these convictions were so old and remote in time as to have no probative value as substantive or impeachment evidence. In a discussion about this motion with the judge on the day of trial, defense counsel requested that the court rule that these convictions could not be used to impeach the defendant if he testified. The judge denied the motion in limine except as to the 1970 conviction which was ruled inadmissible on other grounds. When defendant took the stand in his defense, defense counsel questioned him on direct examination about each of these convictions, as well as others. Defendant claims that the trial court erred by denying his motion in limine.

■■■ We have held, however, that the ruling on a motion in limine is not reviewa-

ble on appeal since the purpose of such a motion is not to obtain a final ruling upon the admissibility of evidence. *Akins v. State*, (1981) Ind., 429 N.E.2d 232. The evidence sought to be excluded by the motion in limine must be objected to at the time of its introduction at trial for any error in the denial of the motion to be preserved. *Lagenour v. State*, (1978) 268 Ind. 441, 376 N.E.2d 475. Here, the defendant introduced the evidence concerning his prior convictions himself on direct examination. While defense counsel may have believed that this was an appropriate tactical decision, defendant, by his choice to introduce this evidence, became its proponent and he cannot complain on appeal about its admissibility. *See, Dunkle v. State*, (1981) Ind.App., 425 N.E.2d 185.

### IV.

■ Defendant finally contends that the trial court committed error by denying two of his motions for mistrial. The granting of a mistrial lies within the sound discretion of the trial court and the denial of a mistrial motion will be reversed only where an abuse of that discretion can be shown. *Dean v. State*, (1982) Ind., 433 N.E.2d 1172; *Ramos v. State*, (1982) Ind., 433 N.E.2d 757. Only if the statement was so prejudicial that it placed the defendant in grave peril must the case be reversed. *Dean, supra; Morse v. State*, (1980) Ind., 413 N.E.2d 885. When a jury is admonished by the trial judge to disregard what has occurred at trial, or if other reasonable curative measures are taken, no reversible error will ordinarily be found. *Ramos, supra.*

The first motion for mistrial was made when Corporal John Wrolen of the Gary Police Department testified for the State on direct examination. Defendant had previously made an oral motion in limine to exclude any testimony concerning the defendant's election not to make a statement. In a hearing outside the presence of the jury, Wrolen had testified that he went to see the defendant at St. Margaret's Hospital. After he was advised of his rights, defendant indicated that he wanted to return to Gary and would talk about the fire at a later time. The trial court granted defendant's motion in limine concerning this conversation.

■ During Wrolen's testimony before the jury, the following exchange with the prosecutor ensued concerning Wrolen's meeting with defendant at St. Margaret's:
"BY MR. BRAATZ:
Q. Sir, did you tell the defendant, Andre Larue Collins, that he was under arrest?
A. Yes I did, and advised him of his rights."

Defense counsel immediately moved for a mistrial, claiming that the motion in limine had been violated. He argues that Wrolen's answer amounted to an improper comment upon the defendant's election to remain silent. He claims that this exchange could have been interpreted by the jury in only one of two ways, either that after being advised of his rights defendant made no statement and therefore could not profess his innocence, or that defendant had made an inculpatory statement which was suppressed due to a "technicality."

The trial judge took defendant's motion for a mistrial under advisement and immediately admonished the jury that the witness's answer to the question was non-responsive and should be disregarded and given no weight. The mistrial motion was denied before the defendant began the presentation of his evidence. We find the defendant's assumptions of the inferences the jury drew are highly speculative and conjectural. His assertion that the jury could only have interpreted Wrolen's testimony in the manner he posits is without basis. Furthermore, the admonition given to the jury by the court to disregard this testimony was sufficient. There was no error in the denial of this mistrial motion.

■ Defense counsel's second motion for mistrial came during the prosecutor's cross-examination of the defendant. The prosecutor questioned defendant about his prior convictions. In addition to inquiring

about those convictions defendant had previously testified to on direct examination, the prosecutor asked the defendant if he had been convicted in 1957 of an assault and battery with an attempt to commit robbery. Defendant replied he had not been convicted of such a charge. Defense counsel objected and moved for a mistrial claiming that the prosecutor had attempted to impeach the witness with a crime of which he was not convicted. Prior arrests which do not result in convictions are not admissible for purposes of impeachment. *Jarvis v. State*, (1982) Ind., 441 N.E.2d 1.

The trial judge denied the mistrial motion, finding that the prosecutor's question was not in bad faith and was based on a record that did not make the disposition of the charge against the defendant clear. At the defendant's request, however, the judge admonished the jury that it appeared that there was no such conviction of the defendant and that the jury was to give no weight to the question or answer.

We find that this admonishment was sufficient under the circumstances and that the defendant's motion for a mistrial was properly denied. The prosecutor's question and defendant's answer came after the defendant had recited the long list of his prior felony convictions on direct examination and during the prosecutor's questioning on that subject. The judge found that the record was not clear, that the prosecutor had not acted in bad faith in posing his question and that the defendant had denied that he was convicted of the charge. The defendant was not placed in a position of "grave peril" by the statement and the denial of the mistrial motion was not reversible error.

The defendant's conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.