**Donald HOBACK, Defendant–Appellant,**

**v.**

**STATE of Indiana, Plaintiff–Appellee.**

No. 72A01–8803–CR–101.

Court of Appeals of Indiana,
First District.

July 18, 1988.

Ralph E. Randall, Hays and Randall, Scottsburg, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for plaintiff-appellee.

ROBERTSON, Judge.

Defendant-appellant Donald Hoback (Hoback) was found guilty of one count of arson, a class B felony, after a jury trial. He appeals after being sentenced to ten years in prison.

We affirm.

Hoback and his ex-wife, Peggy Miller, were divorced in November of 1986. The division of the marital property was bitterly disputed. Hoback and Peggy had one daughter, Brandy, and Peggy had an older daughter, Tammy.

On January 26, 1987, a fire occurred at the apartment where Peggy Miller and her two children lived. After the fire, Peggy moved with her two children to the home of her parents, Margaret and William Miller. She stored her salvaged property on the back porch. Hoback came to the Miller home to see what was left from the fire, and observed the items of property on the porch.

Sometime after the apartment fire, Hoback telephoned Peggy's mother, Margaret Miller, telling her he had heard she thought he would set her house on fire. After Margaret replied that she feared Hoback, he warned her never to leave her home unattended. On April 12, 1987, a fire was set to the Miller's residence, with most of the damage occurring to the back porch. Earlier that evening, Hoback had seen Peggy with male friends at a tavern. After hitting her in the mouth, he told her "you are dead tonight," and caused a disturbance for which he was ejected from the bar. Witnesses saw Hoback driving east in the direction of the Miller house, which was not the direction of Hoback's home. After 15 or 20 minutes, when Peggy was ready to leave with her friends, they saw fire trucks heading in the direction of the Miller home, having been called to the home by a neighbor. William and Margaret Miller had been out of town; only Peggy's children and those of a friend were home at the time of the fire. They escaped unharmed. Fire department witnesses testified that

the fire was deliberately set, and that they had detected an odor of gasoline.

Hoback was arrested after police learned what had happened earlier that evening at the tavern. He was charged with two counts of arson, one involving Peggy's apartment fire and the other involving the Miller house. Hoback was acquitted of setting the apartment fire, but found guilty of setting fire to the Miller's home.

There are four issues to consider:

I. Whether there was sufficient evidence to support the verdict?

II. Whether Hoback should receive a new trial because the State failed to provide exculpatory information to Hoback at his request?

III. Whether the trial court erred in limiting cross-examination of State's witnesses regarding other fires in the vicinity of the Miller residence?

IV. Whether the trial court erred in admitting evidence of Hoback and Peggy Miller's child support arrangement and evidence that Hoback threw hot coffee on Peggy?

ISSUE I.

■ Hoback contends that the evidence against him was circumstantial in nature, and no physical evidence linked him to the Miller fire. Upon review, this court will look only to the evidence most favorable to the State and all reasonable inferences drawn therefrom. We will neither weigh conflicting evidence nor judge the credibility of the witnesses. *Johnson v. State* (1986), Ind., 501 N.E.2d 442. A guilty verdict may be based upon circumstantial evidence. *McCann v. State* (1984), Ind., 466 N.E.2d 421. This court does not have to find that circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence but only that an inference may reasonably be drawn therefrom which supports the finding of the jury. *Thompson v. State* (1982), Ind., 441 N.E.2d 192.

Under this standard, we find there was sufficient evidence that Hoback set fire to

the Miller residence. The State established a pattern of conflict and animosity growing out of the couple's divorce. Hoback knew Peggy stored her belongings on the back porch, the scene of the fire. He specifically asked about whether her microwave oven had survived the fire; the parties had fought over ownership of the microwave. Hoback told Margaret Miller that her home should not be left unattended when Margaret indicated she feared Hoback after her daughter's fire. The jury also heard evidence of Hoback's threat to Peggy in the tavern and his driving in the direction of the Miller home, to which the fire department was summoned a short time later. The State also established through expert testimony that the Miller fire was arson. From all this evidence, the jury could have drawn a reasonable inference that Hoback set the fire to the Miller's home. Therefore, we will not reverse on this issue.

ISSUE II.

■ Hoback complains that he should receive a new trial because the State failed to turn over a search warrant affidavit in which arresting officer Amick stated he saw Hoback "on York Road ... leaving that area at 2:24—2:26 a.m." the night of the fire. The fire was reported at 2:40 a.m. The affidavit reported that the altercation at the Pub occurred between 2:00—2:30 a.m. Hoback contends that this information was exculpatory and that he was denied a fair trial by its omission in the State's discovery materials. A prosecutor has not violated his constitutional duty of disclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial. *U.S. v. Agurs* (1976), 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342.

Hoback urges that this information is exculpatory without presenting us with citation to evidence in the record that York Road in Scottsburg is "across town" from the Miller fire as he baldly asserts in his brief. He has therefore failed to establish that the information contained in Amick's affidavit is exculpatory. *See Swan v. State* (1978), 268 Ind. 317, 375 N.E.2d 198. Moreover, a review of the discovery materi-

als delivered to Hoback reveals that an "incident report" of officer Amick stated he observed Hoback two blocks from the fire and traveling in the general direction of the fire. We discern no failure of the State to provide any exculpatory statement where Hoback received a statement of the arresting officer which was the substance of the omitted statement. Therefore, Hoback was not denied a fair trial.

ISSUE III.

 Hoback argues he should have been allowed to elicit testimony concerning two previous fires in the vicinity of the Miller residence, since their closeness in time and location tended to support his defense that another person set the Miller fire. While the court sustained the State's objection to Hoback's cross-examination on fires in the vicinity at page 223 of the record, it did so only after Hoback failed to establish any connection between two previous fires and the Miller fire. Indeed, one fire had occurred four years before the Miller fire.

Moreover, exclusion of evidence already in the record is not error. *Newbauer v. State* (1928), 200 Ind. 118, 161 N.E. 826. Several fire department witnesses were asked and were permitted to answer numerous questions about other fires. One witness testified to a fire at the Scottsburg license branch and at the Scottsburg Senior House, their locations, and that the causes of the fires were unknown to the witness or undetermined. At that time, the trial court allowed Hoback to pursue that cross-examination "in a limited fashion," in order to establish relevancy. R. 194. Hoback has failed to show what additional testimony he might have elicited to prove someone other than Hoback had set the Miller fire. It appears that the witnesses gave the testimony that Hoback complains was excluded. Therefore, there was no error.

ISSUE IV.

 Hoback's final argument is that evidence covered by his motion in limine was admitted. The motion in this case would have excluded evidence on prior crimes or other charges. Motions in limine are not final rulings on the admissibility of evidence. *Norton v. State* (1980), 273 Ind.

635, 408 N.E.2d 514. A proper objection must be made at the time evidence is offered. *Green v. State* (1984), Ind., 469 N.E.2d 1169. Evidence that Hoback threw coffee on Peggy a few days before the Miller fire, and that someone put sugar in the gas tank of Peggy's car, was admitted without objection.

 Hoback claims that evidence of his obligation to pay child support was irrelevant and tended to be prejudicial. We fail to see how evidence of Hoback's child support obligation, standing alone, would be prejudicial. Moreover, Hoback's attorney asked Peggy on cross-examination whether Hoback paid her support in the county clerk's office. Hoback cannot now complain that the evidence should have been excluded.

Judgment affirmed.

NEAL and SULLIVAN, JJ., concur.