John KNIGHT, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 45A03–9004–CR–139.

Court of Appeals of Indiana,
Third District.

July 25, 1990.

Daniel L. Bella, Appellate Public Defender's Office, Crown Point, for defendant-appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Danielle Sheff, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

A jury convicted John Knight of conspiracy to commit arson and he appeals.

He first contends it was error to permit the state to introduce evidence of a prior criminal charge, his attempts to hide to avoid arrest, his arrest and pretrial incarceration. Additionally, he asserts error in revealing to the jury that the charge pending against him was for murder.

The state's theory of the case and the evidence favorable to the verdict revealed that Knight conspired with Yager, Martin and Luna while he was in jail. All four were members of the Outlaws motorcycle club. Yager and Martin met with an attorney about Knight's defense and were advised that attorney's fees would be approximately $8000 or $9000. Yager suggested burning a house to obtain the money. At a club meeting he stated that Knight's mother would try to sell her home and if she was unsuccessful the house could be burned for the insurance proceeds.

Martin visited Knight in jail where they discussed the arson. Knight told Martin his mother could not sell the house and that she had removed the property she wanted from it. He told Martin to tell Yager "to go ahead and do something with the house." Knight said he wanted the action taken soon so he could get released from jail.

Two days later Yager told Martin to set the fire. Martin was to use gasoline and was to telephone Yager after the fire.

Martin and Luna went to the house and set the fire. The next day Yager told Martin that the job was well done and that they would be able "to get John out." The insurance proceeds were paid to the attorney they had consulted on Knight's behalf.

While evidence of other crimes is generally inadmissible, an exception applies where the evidence is relevant to establish motive. *See, e.g., Sharp v. State* (1989), Ind., 534 N.E.2d 708, 711. Furthermore, while motive is not an element of the offense, it is always relevant in the proof of a crime. *Webb v. State* (1983), Ind., 453 N.E.2d 180, *cert. denied* 465 U.S. 1081, 104 S.Ct. 1449, 79 L.Ed.2d 767.

Here the evidence of the pending charge and incarceration of Knight together with the gravity of that offense were properly admitted within the court's discretion to show his motive for engaging in the conspiracy to commit arson. *See, e.g., Halbig v. State* (1988), Ind., 525 N.E.2d 288 recognizing admission of motive evidence to be within the court's discretion.

Additionally, Knight asserts the evidence was insufficient to sustain his conviction. He contends that the testimony that he told Martin to instruct Yager to "do something" with the house is too ambiguous to ground an inference that he intended arson. If the *only* evidence of Knight's participation consisted of that isolated statement, the argument would have some merit. However, when placed in context with the other discussions and events already related, the necessary inference of conspiracy to commit arson clearly emerges. Needless to say, our appellate review precludes a reweighing of the evidence. The evidence was sufficient.

Affirmed.

MILLER, P.J., and STATON, J., concur.