Thomas F. ALEXANDER,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 86A03–9110–CR–00295.

Court of Appeals of Indiana,
Third District.

June 22, 1992.

On Rehearing, Aug. 10, 1992.

James H. Voyles, Dennis E. Zahn, Mark C. Webb, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Thomas F. Alexander appeals his convictions for one count of arson, a Class A felony; two counts of arson, Class B felonies; one count of arson, a Class C felony; and eight counts of criminal mischief, Class D felonies.

The facts favorable to the judgment disclose that during the early morning hours of July 4, 1988, a fire swept through the downtown area of Williamsport, Indiana, destroying appellant's hardware store and several surrounding businesses and apartments. Ron Taylor, an assistant chief with the State Fire Marshall's Office, and Charles Skees, a fire investigator for INS Investigations, inspected the scene after the fire and determined that the fire originated on the second floor of the hardware store near the rear of the building. Due to the amount of destruction, neither Taylor nor Skees was able to determine the cause of the fire.

Two years before the fire, appellant told his broker that he wanted to sell the store for at least $450,000.00, but his broker informed him that the price was too high. In November of 1987, appellant told Robert Criswell that he wanted to get out of the hardware business, that his wife was unhappy in Williamsport, and that he would pay Criswell $50,000.00 to set fire to the store. Appellant made the same offer to Craig Walters, a store employee and business associate, in February of 1988, and later increased the amount to $75,000.00

then $100,000.00. Approximately one month before the fire, Gene McGowan heard appellant telling Walters which items in the store would burn. Approximately three weeks before the fire, appellant told James Bratton that he would be "getting out" of the hardware business in a few weeks and starting somewhere else.

Less than one month after the fire, appellant made an offer on a house in Lebanon. Shortly thereafter, he enrolled his children in the Lebanon school system. Although he had paid only $125,000.00 for the hardware store, appellant received almost $700,000.00 in insurance proceeds after the fire.

Appellant raises five issues for review on appeal:

(1) whether the evidence was sufficient to sustain appellant's convictions;

(2) whether the trial court erred in refusing to dismiss the arson count charging appellant with a Class A felony under IND.CODE § 35–43–1–1(a)(2) (1988 Ed.);

(3) whether the trial court erred in allowing State's witness Robert Criswell to testify in violation of a separation of witnesses order;

(4) whether the trial court erred in admitting the hearsay testimony of Gene McGowan and Christy Walters; and

(5) whether appellant's twelve convictions and sentences can stand on double jeopardy grounds.

First, appellant claims the evidence was insufficient to sustain his convictions because the State failed to prove that an act of arson occurred. When reviewing a claim of insufficient evidence, this Court looks only to the evidence favorable to the judgment and any reasonable inferences therefrom. This Court neither reweighs the evidence nor rejudges the credibility of witnesses. A guilty verdict may rest solely upon circumstantial evidence. This Court does not have to find that circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence but only that an inference may reasonably be drawn therefrom which supports the find-

ing of the jury. *Hoback v. State* (1988), Ind.App., 525 N.E.2d 1257, 1259.

■ Specifically, appellant challenges the sufficiency of the evidence supporting the incendiary nature of the fire and his identity as the person who set it. With respect to the former, both parties note that, in Indiana, a fire is presumed to be accidental unless the State proves otherwise. *Collins v. State* (1984), Ind., 464 N.E.2d 1286, 1288–1289. However, as the *Collins* court noted, "[t]he language of this presumption ... is no more than reflective of the burden the State bears in an arson case to prove beyond a reasonable doubt that the fire was knowingly or intentionally set by some person." *Id.* at 1289.

■ As both parties note, due to the amount of destruction, neither the fire marshall's office nor INS Investigations was able to determine the cause of the fire although both determined that the fire originated on the second floor near the rear of the building. Ron Taylor, an assistant chief with the fire marshall's office, testified that he could not rule out an electrical problem; however, Charles Skees, an INS investigator, testified that the electricity was off on the second floor. Craig Walters and Robert Criswell, witnesses for the State, testified that appellant offered them money to set fire to the store. Walters also testified that, two days before the fire, he saw appellant carry two cans of kerosene to the store's empty second-floor apartments. Due to the fact that the apartments were in the front of the store and the physical evidence indicated that the fire started in the rear of the store, appellant argues that Walters' testimony was unworthy of belief. However, as the State notes, the jury as the trier of fact was free to accept whatever portions of the testimony and evidence it found credible and reject the rest. *See Bustamante v. State* (1990), Ind., 557 N.E.2d 1313, 1321.

■ As to the identity issue, the State presented the testimony of four witnesses who claimed to see a man running from the parking lot area behind the hardware store to appellant's house shortly before or after they noticed the fire. Another State's wit-

ness testified that, approximately three weeks before the fire, appellant stated that he would be "getting out" of the business in a few weeks and starting somewhere else. Yet another State's witness testified that, approximately one month before the fire, he heard appellant telling Craig Walters which items in the store would burn. Walters also testified that appellant phoned him the day before the fire and stated that he was going to burn the store that evening. The various statements of appellant, taken in context with the other events previously related, provide the necessary inference of his guilt. *See Knight v. State* (1990), Ind.App., 556 N.E.2d 968, 969.

Appellant's actions before, during, and after the fire were further evidence that the fire was no accident and that appellant was the person who set it. Prior to the fire, appellant discussed selling the business with a broker but refused to lower his asking price. During the fire, when firefighters asked appellant to move his truck which was blocking access to a kerosene tank against the rear wall of the store, appellant refused at first, claiming the truck might explode. Appellant also testified that he considered rebuilding the store until October of 1988; however, less than one month after the fire, he made an offer on a house in Lebanon. Shortly thereafter, appellant enrolled his children in the Lebanon school system. Appellant also received almost $700,000.00 in insurance proceeds after paying only $125,000.00 for the entire business. Appellant's conduct before, during, and after the fire as well as the other evidence of his guilt was sufficient to sustain his convictions. *See Galbraith v. State* (1984), Ind.App., 468 N.E.2d 575, 577–578.

■ Next, appellant argues that the trial court erred in refusing to dismiss the arson count charging him with a Class A felony under IND.CODE § 35–43–1–1(a)(2) based upon the injury Jerry Shoaf, a firefighter, suffered at the scene. IND.CODE § 35–43–1–1 defines the offense of arson as follows:

"(a) A person who, by means of fire or explosive, knowingly or intentionally damages:

   (1) a dwelling of another person without his consent;

   (2) property of any person under circumstances that endanger human life; or

   (3) property of another person without his consent if the pecuniary loss is at least five thousand dollars ($5,000);

commits arson, a Class B felony. However, the offense is a Class A felony if it results in either bodily injury or serious bodily injury to any person other than a defendant.

(b) A person who commits arson for hire commits a Class B felony. However, the offense is a Class A felony if it results in bodily injury to any other person.

(c) A person who, by means of fire or explosive, knowingly or intentionally damages property of any person with intent to defraud commits arson, a Class C felony;

(d) A person who, by means of fire or explosive, knowingly or intentionally damages property of another person without his consent so that the resulting pecuniary loss is at least two hundred fifty dollars ($250) but less than five thousand dollars ($5,000) commits arson, a Class D felony."

Specifically, appellant argues that the inclusion of firefighters within the endangerment provision of IND.CODE 35–43–1–1(a)(2) would render subsections (c) and (d) meaningless because firefighters respond to virtually every fire which would fit within any of the subsections of the statute and, thus, every arson fire would be at least a B felony. In support of his position, appellant relies on *State v. Bonfanti* (1969), 254 La. 877, 227 So.2d 916, a case in which the Louisiana Supreme Court adopted such an interpretation of Louisiana's arson statute, a statute this Court has found "nearly identical" to Indiana's statute. *See Galbraith* at 578 n. 3. However, the decisions of courts of other states are not binding on this Court. *Patterson v. State* (1970), 253 Ind. 499, 501, 255 N.E.2d 520, 521.

As the State notes, the fundamental rule of statutory construction is to ascertain and give effect to the legislative intent. *Whitley v. State* (1990), Ind.App., 553 N.E.2d 511, 513. In doing so, this Court must give words their plain and ordinary meaning unless the statute manifests a different meaning. *Id.* Apparently, appellant would have this Court rule that firefighters do not fall within the plain and ordinary meaning of "persons" or "human"; however, we decline to make such a ruling. If the legislature had intended to exclude firefighters from the coverage of IND.CODE § 35–43–1–1, it certainly could have done so. *See, e.g., State v. Caprio* (1984), R.I., 477 A.2d 67, 71; *State v. Millstein* (1986), 8 Conn.App. 581, 513 A.2d 1253, 1260–1261.

Appellant also contends the trial court erred in allowing State's witness Robert Criswell to testify in violation of a separation of witnesses order. Where there has been a violation of a separation order, a trial court, in the absence of connivance or collusion by the party calling the witness, may permit the witness to testify. *Heck v. State* (1990), Ind., 552 N.E.2d 446, 452. This Court will not reverse the trial court's decision absent an abuse of discretion. *Id.*

The primary reason for a separation of witnesses order is to prevent the testimony of one witness from influencing that of another. *Phillips v. State* (1990), Ind., 550 N.E.2d 1290, 1295. Criswell testified that on the day he sat in court as a spectator, he heard a portion of some of the firefighters' testimony regarding the origin of the fire. However, Criswell did not, as appellant asserts, testify about a potential source of the fire; rather, he testified that on the morning of the fire, appellant stated the fire was too hot for anyone to determine how it started. Furthermore, there was no evidence in the record that the prosecutor connived to have Criswell violate the separation order. The trial court did not abuse its discretion in allowing Criswell's testimony.

■ Appellant further claims the trial court erred in admitting the hearsay testimony of Gene McGowan and Christy Walters, the wife of Craig Walters, regarding Craig Walters' statements to them that appellant offered him money to burn the store. However, as appellant concedes, he did not object to Christy Walters' testimony. Failure to properly object at trial waives any error on appeal. *Banks v. State* (1991), Ind., 567 N.E.2d 1126, 1129.

■ Notwithstanding the above, appellant's claim lacks merit. In *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, our Supreme Court held that the out-of-court declarations of a witness are admissible as substantive evidence if the witness testifies and is available for cross-examination.[1] However, the witness must also acknowledge having made the statement and testify consistently with it. *Traver v. State* (1991), Ind., 568 N.E.2d 1009, 1012. Craig Walters acknowledged having made the statements, testified consistently with the statements, and underwent extensive cross-examination on the statements. Therefore, the testimony of McGowan and Christy Walters regarding those statements was admissible as substantive evidence.

Appellant urges this Court to find his case similar to *Stone v. State* (1989), Ind. App., 536 N.E.2d 534, a case in which this Court found the admission of the testimony of six *Patterson*-type witnesses to constitute an abuse of discretion. *Id.* at 540. However, as the *Stone* court noted, our Supreme Court has found the admission of the testimony of three *Patterson*-type witnesses to *not* constitute an abuse of discretion. *See Buttram v. State* (1978), 269 Ind. 598, 602–603, 382 N.E.2d 166, 169–170. Considering that the instant case involved only two *Patterson*-type witnesses, the trial court's admission of their testimony did not constitute an abuse of discretion under *Stone*.

■ Finally, appellant maintains his twelve convictions and sentences cannot stand because they place him in double jeopardy. With respect to his one Class A felony arson conviction and two Class B felony arson convictions, appellant notes that Class B felony arson is an inherently included offense of Class A felony arson. *Lahrman v. State* (1984), Ind.App., 465 N.E.2d 1162, 1168. However, double jeopardy analysis requires an examination of the charging information as well as a comparison of statutory provisions. *See Wethington v. State* (1990), Ind., 560 N.E.2d 496, 506–507. As the State notes, each of the three charges alleges injury or endangerment to a different person; however, the definition of arson does not require injury to a person. Rather, the result of bodily injury (or serious bodily injury) elevates arson from a Class B to a Class A felony. *See* IND.CODE § 35–43–1–1(a). If the legislature had intended multiple egregious results to increase the number of crimes rather than the penalty, it could have done so. *See Kelly v. State* (1988), Ind.App., 527 N.E.2d 1148, 1155, *opinion affirmed* (1989), 539 N.E.2d 25. Consequently, appellant's convictions and sentences for the two counts of Class B felony arson cannot stand.

■ As the State notes, appellant failed to present any argument in support of his request that his Class C felony arson conviction be vacated; therefore, he has waived the issue for appellate review. *Light v. State* (1989), Ind., 547 N.E.2d 1073, 1076 n. 1. Nevertheless, Class C felony arson requires proof of an element, intent to defraud, that neither Class B nor Class A felony arson requires. Moreover, as the Class A and Class B felony arson charges do not allege intent to defraud, appellant's conviction and sentence for Class C felony arson do not violate double jeopardy. *See Wethington* at 506–509.

■ Regarding his eight Class D felony criminal mischief convictions, appel-

---

1. Our Supreme Court overruled *Patterson* in *Modesitt v. State* (1991), Ind., 578 N.E.2d 649. Appellant asks this Court to apply the rule of *Modesitt* to his case; however, since appellant's trial took place prior to the effective date of *Modesitt*, we cannot. *See Gray v. State* (1991), Ind., 579 N.E.2d 605, 608.

lant notes that criminal mischief, IND. CODE § 35–43–1–2 (1990 Supp.), is an included offense of arson. *Myers v. State* (1981), Ind.App., 422 N.E.2d 745, 747–748. However, as previously discussed, the A and B felony arson charges allege damage to property causing injury or endangerment, whereas the criminal mischief charges allege damage to property without the owner's consent and with a pecuniary loss of at least $2,500.00. Due to the distinct elements and unique factual allegations in this case, the criminal mischief and arson offenses are not the same for the purpose of double jeopardy. *See Wethington* at 506–509. However, the same cannot be said for appellant's eight criminal mischief convictions. Therefore, based on double jeopardy principles, the eight counts merge into one. *See Swafford v. State* (1986), Ind., 498 N.E.2d 1188, 1191.

The convictions and sentences for Class A felony arson, Class C felony arson, and one count of Class D felony criminal mischief are affirmed; the convictions and sentences for two counts of Class B felony arson and seven counts of Class D felony criminal mischief are vacated. Remanded to the trial court for correction of sentences.

STATON, and SHIELDS, JJ., concur.

### ON REHEARING

The State on rehearing asks this Court to clarify its decision regarding the effect of the sentencing modifications on the trial court's order of restitution. We decline to do so because our decision in no way affected the restitution order. It is clear from the record that the trial court ascertained appellant's ability to pay and specified a manner of payment, and it is clear from our decision that the court's restitution order stands. *See* IND.CODE § 35–38–2–2.3(a)(5).

Rehearing denied.