**Bruce A. JIOSA, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 35S00–9910–CR–619.

Supreme Court of Indiana.

Oct. 2, 2001.

Christopher M. Goff, Huntington, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Barbara Gasper Hines, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

BOEHM, Justice.

Bruce Jiosa was convicted of molesting his five-year-old daughter. In this direct appeal he contends that the trial court erred when it excluded testimony as a sanction for violation of a pretrial witness separation order. Because we agree that this was reversible error we do not address the other issues Jiosa raises. We reverse and remand for a new trial.

## Factual and Procedural Background

Jiosa's daughter had lived with her mother, Peggy Morgan, until March 1998, when child welfare workers, concerned that Morgan neglected the five-year-old girl, removed her from her mother's custody. Shortly thereafter, the daughter's foster mother noticed that the daughter positioned her dolls as if they were engaging in oral sex, and on one occasion the daughter herself simulated oral sex acts on a doll. Child welfare authorities were alerted and an investigation ensued. On April 1, 1998, Dr. Duane Hougendobler examined the girl and found physical symptoms that led him to conclude that something had been inserted into her vagina.

In August 1998, Jiosa was charged with child molestation and also as a habitual offender. Pursuant to Indiana Rule of Evidence 615, Jiosa filed a motion for the separation of the State's witnesses. The State in turn moved for the separation of all the witnesses. There is no written order granting these motions. The chronological case summary recites that the trial court granted the motions, ordering "that the witnesses in this cause shall re-main outside the courtroom and from within the hearing of the evidence in this cause until after such witnesses have testified and have been excused from giving further testimony."

On the first day of trial, Dr. Hougendobler testified about the symptoms he had identified during his examination of the girl. Later that afternoon Jiosa's daughter, age seven at the time of trial, testified that Jiosa had had intercourse with her at Morgan's home. At the conclusion of the first day, a crowd that included Morgan and Jiosa's parents gathered outside the courtroom. Morgan, who had been excluded from the courtroom under the separation order, overheard Jiosa's father shout to Jiosa's mother, who was "very hard of hearing," details of some of the testimony given that day. It is not clear from the record exactly what testimony was conveyed to Morgan. Nor is it clear from which witness or witnesses that testimony might have originated. It is clear that Morgan then sought out the prosecutor and asked her if the father's account of the victim's testimony was accurate. Morgan next approached Jiosa's counsel and told him that she had observed her daughter engaging in behavior by herself that could have caused the symptoms observed by Dr. Hougendobler.

Jiosa attempted to introduce this evidence at trial the next day, but the trial court excluded any testimony from Morgan as having been tainted by a violation of the separation order. Subsequent to this exclusion, Jiosa requested permission to make an offer to prove in question and answer form. The court refused, and Jiosa moved for a mistrial. The court denied that motion as well. The jury convicted Jiosa on the child molestation count and found him to be a habitual offender.[1] The

---

1. The convictions supporting this finding were (1) operating a motor vehicle while a habitual traffic offender and (2) nonsupport of a dependent child.

trial court sentenced Jiosa to an enhanced term of 50 years on the molestation charge and an additional 30 years on the habitual offender charge, to run consecutively.

### Separation of Witnesses

■ Jiosa challenges the exclusion of Morgan's testimony on two grounds. First, he argues that Morgan did not violate the separation order merely by overhearing a discussion between two spectators. Second, he argues that even if the order was violated, the trial court abused its discretion by excluding Morgan's testimony as a remedy. We review the exclusion of evidence based on a violation of a separation order for abuse of discretion. *Goolsby v. State,* 517 N.E.2d 54, 61 (Ind. 1987). In the present case, the victim's symptoms were offered as proof that she had been abused. Morgan's testimony offered an alternative explanation for those symptoms. As such, if credited, it was extremely relevant.

Through no fault of her own, Morgan was in the courthouse hall, where she had every right to be, when she overheard Jiosa's father shouting details of the testimony given in court that day. She realized the victim's physical symptoms were relevant to the case and approached defense counsel with information that, if credited, would offer an alternative explanation for those symptoms. It is not obvious that this incident constituted a violation of the separation order, at least not by Morgan. It appears from the record that Morgan did not seek out information concerning the victim's testimony. Rather, she was innocently put in a position where it became clear to her that she had knowledge that was relevant to the outcome of the trial. However, there may well have been admonitions to witnesses that do not appear in the record, and the trial judge regarded this conduct as a violation.

■ Assuming there was a violation, the critical fact is that there is no suggestion Jiosa had anything to do with any violation of the order. Indiana Rule of Evidence 615 was adopted in 1994. It sets out the circumstances in which a separation order is to be given, but it does not address the remedy for a violation. Accordingly, pre–1994 cases are instructive. It has long been held an abuse of discretion to refuse to permit the testimony of a witness due to a violation of a separation of witnesses order if the party seeking to call the witness is without fault in the violation. *Thomas v. State,* 420 N.E.2d 1216, 1219 (Ind.1981) ("In the case at bar, there is no evidence that the State had colluded with the witness to violate the court order. Furthermore, it has been held to be prejudicial error 'to refuse to permit such a witness to testify where the party calling the witness is not at fault for such violation.' ") (quoting *Brannum v. State,* 267 Ind. 51, 56, 366 N.E.2d 1180, 1184 (1977)). This is a longstanding doctrine. *State ex rel. Steigerwald v. Thomas,* 111 Ind. 515, 517, 13 N.E. 35, 35–36 (1887) (citations omitted), announced:

> Where a party is without fault, and a witness disobeys an order directing a separation of witnesses, the party shall not be denied the right of having the witness testify, but the conduct of the witness may go to the jury upon the question of his credibility.... In another text-book a very thorough review of the authorities was made and it was said: "But it may now be considered as settled that the circumstance of a witness having remained in court in disobedience to an order of withdrawal, is not a ground for rejecting his evidence, and that it merely affords matter of observation."

More succinctly, as Judge Miller puts it, "if a party is denied the use of the witness's testimony, it is the party, rather

than the witness, who is punished for the witness's violation." 13 Robert Lowell Miller, Jr., *Indiana Practice*, § 615.104, at 287 (2d ed.1995). *See also Taylor v. State*, 130 Ind. 66, 70, 29 N.E. 415, 417 (1891); *Burk v. Andis*, 98 Ind. 59, 64–65 (1884); *Cordray v. State*, 687 N.E.2d 219, 222–23 (Ind.Ct.App.1997); *cf. Halbig v. State*, 525 N.E.2d 288, 292 (Ind.1988); *Brannum v. State*, 267 Ind. 51, 56, 366 N.E.2d 1180, 1183 (1977); *McCoy v. State*, 241 Ind. 104, 119, 170 N.E.2d 43, 50 (1960); *Heeter v. State*, 661 N.E.2d 612, 615 (Ind.Ct.App. 1996); *Alexander v. State*, 600 N.E.2d 549, 553 (Ind.Ct.App.1992); *Gamble v. State*, 591 N.E.2d 142, 145 (Ind.Ct.App.1992); *Hawn v. State*, 565 N.E.2d 362, 366 (Ind. Ct.App.1991).

This common law presumption was not changed by the adoption of the Rules of Evidence. First, the new rule is modeled after the Federal Rules of Evidence.[2] Although there is some authority to the contrary, several federal circuits do not authorize the exclusion of testimony for a violation of a separation order unless there is consent, connivance, procurement, or knowledge of the party seeking the witness' testimony. *United States v. Friedman*, 854 F.2d 535, 568 (2d Cir. 1988); *accord United States v. Hobbs*, 31 F.3d 918, 922 (9th Cir.1994) (citations omitted) ("[I]t is usually an abuse of discretion to disqualify such a witness 'unless the defendant or his counsel have somehow cooperated in the violation of the order.'"); *United States v. Jimenez*, 780 F.2d 975, 980 (11th Cir.1986); *United States v. Blasco*, 702 F.2d 1315, 1327 (11th Cir.1983); *United States v. Gibson*, 675 F.2d 825, 836 (6th Cir.1982); *United States v. Schaefer*, 299 F.2d 625, 631–32 (7th Cir.1962). *But see United States v.*

*Magana*, 127 F.3d 1, 6 (1st Cir.1997) (allowing exclusion of testimony for inadvertent violation by prosecutor); *United States v. Buchanan*, 787 F.2d 477, 485 (10th Cir.1986) (basing decision to admit testimony on prejudicial effect on the defendant). Given these precedents under the federal rule, the adoption of a rule modeled after the federal rule provides no basis to alter the common law presumption that it is an abuse of discretion to exclude witnesses for violations of a separation order when the party seeking to call the witness had no part in the violation of the order.

■ Nor does this presumption eliminate effective tools for enforcement of separation orders. Trial courts may issue contempt citations and permit evidence of witnesses' noncompliance to impeach their credibility. They may exclude witnesses if the party is at fault or the testimony does not directly affect the party's ability to present its case. *See Rowan v. Owens*, 752 F.2d 1186, 1191 (7th Cir.1984); *Gibson*, 675 F.2d at 836 n. 6.

It is noteworthy that the separation order does not prohibit counsel from consulting with the witness. *Hightower v. State*, 260 Ind. 481, 485–86, 296 N.E.2d 654, 658 (1973); *Lutz v. State*, 536 N.E.2d 526, 529–30 (Ind.Ct.App.1989), *trans. denied*. The issue is explored in some depth in the various opinions rendered in a recent en banc decision from the Fourth Circuit. *United States v. Rhynes*, 218 F.3d 310 (4th Cir.2000). Some of the concurrences and dissents in *Rhynes* took the view that an attorney may not act as a "conduit" among witnesses. But all agreed that it is appropriate for attorneys to discuss factual matters with their witnesses without describing the testimony of other witnesses.

**2.** The two rules are nearly identical. The only differences are that the Indiana Rule contains the language "or discuss testimony

with" when describing prohibited conduct and that the Federal Rule contains an addi-

Consistent with even the most restrictive view, the Indiana Court of Appeals has stated that counsel preparing witnesses are not to describe the testimony of other witnesses in the face of a separation order. *Cf. Lutz*, 536 N.E.2d at 529. This Court has not spoken on the issue and we do not need to resolve it today. Even if the most restrictive view of a separation order is the rule under Indiana Rule of Evidence 615, it is clear that Jiosa's attorney might have elicited the relevant information from Morgan without anyone's violating the order. The same is of course true if Indiana ultimately follows a less restrictive rule. Even under the most restrictive view, nothing would prevent Jiosa's counsel from asking Morgan if she knew of any explanation for her daughter's injuries. If so, Morgan would presumably have responded and would have given the excluded evidence. The trial court's handling of the apparently inadvertent encounter with Jiosa's father precluded this possibility. Either absence of fault on the part of the offering party or extreme significance of the evidence renders it an abuse of discretion to exclude testimony based on an order. In this case, we have both.

Finally, the dissent asserts that Morgan's volunteering her testimony to Jiosa's attorney shows that she "planned to change her testimony." There is no privilege to the conversation between Morgan and Jiosa's attorney, and the facts the dissent cites would not be protected as the attorney's work product. Morgan's credi-

bility in light of any change or supplement to her testimony is a matter for the jury to resolve. The trial judge is not given discretion to exclude testimony on the ground, however plausible, that he does not find it credible.

We hold that the trial court abused its discretion in excluding Morgan's testimony.

### Conclusion

The judgment of the trial court is reversed, and this action is remanded for a new trial.

DICKSON and RUCKER, JJ., concur.

SULLIVAN, J., dissents with separate opinion in which SHEPARD, C.J., concurs.

SULLIVAN, Justice, dissenting.

I respectfully dissent from the Court's conclusion that Jiosa is entitled to a new trial. I do not think that the trial court committed reversible error when it excluded the testimony of the victim's mother, Peggy Morgan, after determining that she had violated an order separating the witnesses.[1]

The Court assumes for purposes of analysis that Morgan violated the separation of witness order when she overheard Jiosa's parents discussing the victim's testimony. The Court holds that despite Morgan's violation, she was entitled to testify because "there is no suggestion that Jiosa had anything to do with any violation of the order." Op. at 607.

tional exception to those that may not be excluded.

1. Both the State and Jiosa asked the trial court to order that the witnesses be excluded from the courtroom and prohibited from discussing the case with each other. Indiana Rule of Evidence 615 mandates that a court give such a separation order when a party seeks one:

At the request of a party, the court shall order witnesses excluded so that they can-

not hear the testimony of or discuss testimony with other witnesses, and it may make the order on its own motion. This rule does not authorize the exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party that is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.

In my view, *mandating* the admissibility of testimony in such circumstances, first, is contrary to our evidence rules[2] and, second, fails to recognize the trial court's superior position when it comes to balancing fairly the respective interests of the parties.[3]

It is true, as the Court points out, that some cases predating adoption of the Indiana Rules of Evidence support the proposition that a party moving to exclude a witness must show that the other party is at fault for the separation violation. However, we included no language in Evidence Rule 615 requiring a finding of fault before a witness may be excluded. In my view, that was because the Rule represents a change from the common law of separation orders.

The Rule's major change from the common law is that trial courts are now required to grant a separation order when a party requests one. This change removes some of the control over separation orders that trial courts enjoyed at common law and places that control with the parties.[4] Retaining fault as a *per se* rule conflicts with this change in philosophy. If parties are now to have control, then the trial court needs a full range of sanctions to assure the parties exercise that control.

Put differently, if the trial court cannot exclude the testimony of a witness who violates a separation order unless the party offering the testimony is at fault, that party has absolutely no incentive to assure compliance with the order. Indeed, undermining the "parties in control" philosophy of the Rule, the incentive will be for parties to do as little supervising as possible. So long as "there is no suggestion [that they have] anything to do with any violation of the order," the trial court will be *unable* to exclude their witnesses' testimony.

Without the sanction that gives parties incentives to police their own witnesses, compliance with separation orders is jeopardized. For many witnesses, like Morgan here, the temptation to know what other witnesses are saying at trial will be great. Outside of the extraordinary cases where a contempt citation is possible, witnesses have little stake in complying with the rule on their own.

Of course, a party's "fault" should play a role in the trial court's analysis of the proper remedy for a violation of a separation order. Likewise, in appellate review of a trial court's exclusion remedy, fault on the part of the party offering the witness is an important factor to consider. But Rule 615 does not provide, and should not be interpreted to provide, that absent a showing of fault a court abuses its discretion *per se* if it excludes a witness who violates a separation order.

When there is an allegation that a separation order has been violated, it is the trial judge who conducts the investigation of whether a violation has occurred and, if so, whether the witness plans to condition his or her testimony based on what he or she learned. This is a quintessential trial management task, reflecting the fact that the trial judge is in the best position to evaluate whether testimony is to come in. Indeed, in *Clark v. State,* 480 N.E.2d 555,

---

2.  *See* Ind. Evidence Rule 615.

3.  *See Clark v. State,* 480 N.E.2d 555, 558 (Ind.1985).

4.  *Cf. Joyner v. State,* 736 N.E.2d 232, 244 (Ind.2000) (noting that the defendant "acknowledged to the trial court that it was his responsibility to advise his witnesses not to talk about the case and to explain the separation order. .... Contrary to his contention in this appeal, [the defendant] was at least partially at fault for [the witness] violating the order.").

558 (Ind.1985) (DeBruler, J.), we said that "[o]nce a separation of witnesses has been ordered, what to do about a violation of the order is a question which is to be resolved by a study of affected interests and their fair accommodation. The trial court's rulings will not be disturbed unless there is a clear abuse of that discretion." In *Jordan v. State,* 656 N.E.2d 816, 818 (Ind.1995), we said that "[t]he determination of the remedy for any violation of a separation order is wholly within the discretion of the trial court.... We will not disturb a trial court's decision on such matters absent a showing of a clear abuse of discretion.", *reh'g denied.* In both those cases—and others like them—we found that the trial court properly exercised its discretion when it *allowed* witnesses to testify who had violated separation orders. We found this to be within the trial court's discretion because of its ability to balance fairly the interests of the parties. *Clark,* 480 N.E.2d at 558. Just as trial courts are in a superior position to decide when to allow such testimony, I believe they are in a superior position to decide when to exclude it.

The record shows that Morgan contacted the prosecutor in an attempt to confirm the description of the victim's testimony that she heard from Jiosa's father. She also told defense counsel that she would now offer testimony that she had not mentioned previously. These facts demonstrate that Morgan planned to change her testimony in response to her exposure to another witness's testimony. Moreover, she took these actions after hearing about the *victim's* testimony, which was the centerpiece of the State's case. This type of taint is precisely the harm that separation orders under Rule 615 are intended to prevent. From this record, the trial court could conclude that Morgan would improperly alter what she would say on the stand because of her exposure to this important testimony. The trial court should not be limited in its range of sanctions for such misconduct.

SHEPARD, C.J., concurs.