Gabriel CHILDS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–0107–CR–218.

Court of Appeals of Indiana.

Jan. 30, 2002.

Jeffrey P. Terrill, Deputy Public Defender, Fort Wayne, IN, for Appellant.

Steve Carter, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION

ROBB, Judge.

Gabriel Childs was convicted following a jury trial of criminal recklessness, a Class D felony. He now appeals. We affirm.

### Issue

Childs raises one issue on appeal which we restate as follows: whether the trial court properly excluded the testimony of a witness he sought to add to his witness list during the trial.

### Facts and Procedural History

The facts most favorable to the verdict are that following an altercation in a Fort Wayne bar between Childs and Derrick Dennis, both men were asked to leave the bar. While in his car with two friends immediately thereafter, Dennis observed a car approach and follow without its lights on. Dennis recognized the car as belonging to Childs' sister, Angela Childs–Goodson, who had been with Childs at the bar. Childs–Goodson's car then pulled beside Dennis' car on the driver's side. The three men in Dennis' car observed an arm reach out of the passenger window with a handgun. Dennis stated that although he could not see a face, he recognized the shirt as the same one that Childs had been wearing while at the bar. Dennis slammed on his brakes and told his friends to duck, as five shots were fired at his vehicle. None of the shots hit the car.

At trial, Melika Booker, Childs' fiancée, was present in the courtroom during Dennis' testimony. There was a separation of witnesses order, but Booker had not been listed as a witness by either side. Prior to his testimony, Dennis allegedly told Booker that he knew that Childs was not the shooter and that Childs' sister had actually fired the gun. After Dennis' testimony, Booker approached Childs' attorney and informed him of her earlier conversation with Dennis. In light of this development, Childs made a motion to amend his witness list to add Booker. While the parties and the court discussed Childs' motion, Booker was seen talking with Childs and reading his sister's deposition. The trial court denied Childs' motion to amend his witness list and Booker was not allowed to testify. Childs did, however, make an offer of proof regarding Booker's proposed testimony. Childs was subsequently con-

victed of criminal recklessness. He now appeals.

### Discussion and Decision

### Exclusion of Late–Named Witness

#### A. Standard of Review

■ Childs is challenging the exclusion of a witness. Once a separation of witnesses order is granted, the remedy for a violation of the order is a question left to the sound discretion of the trial court. *Smiley v. State*, 649 N.E.2d 697, 699 (Ind. Ct.App.1995), *trans. denied.* We will not disturb the trial court's exercise of discretion unless there is a showing of prejudice tantamount to an abuse of discretion. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or where the trial court has misinterpreted the law. *Smith v. State*, 751 N.E.2d 280, 281 (Ind.Ct.App. 2001), *trans. denied.*

#### B. Denial of Motion to Amend

The trial court made the following finding in denying Childs' motion to amend:

"[S]he's tainted as a witness for several reasons. One, she's been sitting in here the entire time. She's heard Mr. Dennis' testimony. She's apparently had discussions with the defendant about whatever has been going on here in the courtroom and out in the hallway. She's reviewed Ms. Childs' deposition. She's been flinging herself around and glaring at your backs the whole time you've been standing up here."

Tr. at 132.

■ A recent Indiana Supreme Court case, *Jiosa v. State*, 755 N.E.2d 605 (Ind. 2001), addressed the exclusion of a witness as a sanction for violation of a separation order. In that case, the defendant was charged with child molesting. There was an oral separation of witnesses order at trial. The first day of trial, the child's doctor and the child testified. The child's doctor related physical symptoms which had led him to conclude that the child had been molested. At the end of the day, a crowd which included the child's mother and the defendant's parents, was in the hallway. The mother, who had been properly named as a witness and who had therefore been excluded from the courtroom under the separation order, overheard the defendant's father tell the defendant's hard-of-hearing mother some details of the day's testimony. The mother subsequently asked the prosecutor if the account of the testimony she had overheard was true and then told the defendant's counsel that she had witnessed the child engage in behavior by herself that could have explained the physical symptoms the doctor had described. The defendant attempted to introduce this evidence, but the trial court excluded the mother's testimony as tainted by the separation violation. The defendant was convicted as charged. Our supreme court held that exclusion of the mother's testimony was error, because the mother's testimony, if credited, was "extremely relevant" and because the violation, if in fact it was a violation of the separation order at all, was not the fault of either the witness or the defendant. *Id.* at 607. "Either absence of fault on the part of the offering party or extreme significance of the evidence renders it an abuse of discretion to exclude testimony based on an order." *Id.* at 609. Because the supreme court found both things to be true in this case, the defendant's conviction was reversed and the case was remanded for a new trial. *Id.*

Here, Booker had not been listed as a witness, so she was not subject to the separation order and could properly be present in the courtroom during Dennis' testimony. There is no evidence that

Childs played any role in the contact between Booker and Dennis. The excluded testimony was important to Childs' defense because it would have impeached Dennis' credibility and Dennis was the only witness to identify Childs as the shooter. The two passengers in Dennis' car each testified that there were two people in the car from which the shots were fired and that the car belonged to Childs' sister; however, neither of them could identify the shooter. Childs moved to amend his witness list as soon as Booker's possible testimony came to the attention of his attorney. All of these facts closely align with the facts of *Jiosa*. However, there are additional facts which distinguish this case from *Jiosa*.

Booker and Dennis had their conversation before Dennis took the stand, yet Booker waited until after she had heard his testimony to tell anyone what he allegedly said to her. Although Dennis admitted speaking with Booker that morning, he denied that he made the statements she attributed to him, and in fact, denied speaking with her about the case at all. Even after Childs became aware that Booker might have relevant information, Booker remained in the courtroom while the judge and the attorneys discussed Childs' motion to amend, she spoke with Childs, and she reviewed the deposition of Childs' sister. The State noted its concern during the discussion of Childs' motion that Booker had fabricated the story in order to assist her fiancé, and the facts delineated here do lend themselves to that inference.

■ As soon as Childs knew that he might want to call Booker as a witness, he should have, pursuant to the separation of witnesses order, ensured that Booker gained no further knowledge of the testimony that had been given. Instead, Booker remained in the courtroom, spoke with Childs and reviewed a witness' deposition. The purpose of a separation of witnesses order is to prevent witnesses from gaining knowledge from testimony of other witnesses and adjusting their testimony accordingly. *Roser v. Silvers*, 698 N.E.2d 860, 865 (Ind.Ct.App.1998).

Moreover, Booker's proposed testimony represented a likely shift in defense strategy that could have left the prosecution at a disadvantage. Childs' defense was that although he had engaged in an altercation with Dennis at the bar, he and his sister had gone immediately home after they were asked to leave and that there were no further altercations with Dennis that night. Childs' sister testified at trial to that effect, and presumably also testified to that effect during her deposition, which Booker was seen reading while the parties discussed Childs' motion. Booker's testimony would have represented a shift in defense strategy from denying the incident in toto to acknowledging the incident but laying the blame at the hands of someone else.

■ Under these circumstances, we believe, as the trial court did, that Booker was tainted as a witness. "[T]he determination of the remedy for any violation of a separation order is wholly within the discretion of the trial court." *Jordan v. State*, 656 N.E.2d 816, 818 (Ind.1995). We acknowledge that exclusion is a drastic remedy. *See Smiley*, 649 N.E.2d at 699 ("[B]ecause a defendant has a constitutionally protected right to present evidence in his favor, exclusion of a defense witness due to a violation of a witness separation order is not always appropriate."). Nonetheless, given the degree of deference we accord to trial courts in determinations such as these, we cannot say that the trial court clearly abused its discretion in excluding Booker's testimony.

*Conclusion*

The decision to exclude Booker's testimony was within the trial court's discretion, and we cannot say that under the circumstances of this case, the trial court abused its discretion in so deciding. There was no reversible error in the trial court's decision, and Child's conviction is therefore affirmed.

Affirmed.

KIRSCH, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

I concur but write merely to add an observation with regard to the "fault" factor in violations of a separation order.

Although *Jiosa v. State*, 755 N.E.2d 605 (Ind.2001), was a 3–2 decision, it represents a pronouncement by our Supreme Court as to the current state of the law.

Be that as it may, it would seem that to place the focus of exclusion of a witness upon whether the witness or the party proffering the witness was somehow culpable misses the mark when the purpose of the separation order has been frustrated. As a general proposition, if the prospective witness's testimony has been clearly tainted for any reason relative to a separation order, that witness should be excluded just as if the witness or one of the parties caused the problem. As the dissent in *Jiosa* observes, fault on the part of the witness or the party proffering the witness should certainly be a factor in the trial courts ruling upon the question of witness exclusion, but it should not be the *sine qua non* of the procedural determination.